## THE STATE v. MELTON, *Appellant.*

### Division Two, November 9, 1893.

1. **Criminal Practice:** FELONY: MISDEMEANOR: APPELLATE JURISDICTION. An offense is a felony because it may be punished by imprisonment in the penitentiary, and is not, by reason of the assessment of a less punishment, reduced to a misdemeanor, so as to deprive the supreme court of appellate jurisdiction.

2. ——: EVIDENCE: SUPREME COURT PRACTICE. Where the evidence on the trial of a criminal case is such that the jury might find the defendant guilty, if the jury believe it, the supreme court will not disturb the verdict on the ground that it is against the evidence.

*Appeal from Newton Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*J. H. Pratt* for appellant.

The *alibi* established the good character of the defendant, as proved, and the contradictory statements of the prosecuting witness require a reversal of the judgment.

*R. F. Walker*, Attorney General, and *J. T. Sturgis* for the state.

(1) The indictment is sufficient. *State v. Meinhart*, 73 Mo. 562; *McComas v. State*, 11 Mo. 117. (2) The supreme court has exclusive appellate jurisdiction in felony cases (Constitution, art. 6, sec. 12, and amendments relative to courts of appeals, sec. 5), and this is a felony case. *State v. Clayton*, 100 Mo. 516; *State v. Deffenbacher*, 51 Mo. 26; *State v. Green*, 66 Mo. 631; *State v. Gilmore*, 28 Mo. App. 561. (3) Neither the motion for a new trial, nor in arrest, are contained in the bill of exceptions, nor is there any direction therein to the clerk to copy or insert same. This is the only method of saving or presenting to this court any exceptions to any matters that occurred during the progress of the trial. *State v. Gordon*, *ante*, p. 387; *State v. Gaither*, 77 Mo. 305; *State v. Gilmore*, 110 Mo. 1; *State v. Pints*, 64 Mo. 317; *State v. Burckhartt*, 83 Mo. 430; *State v. Griffin*, 98 Mo. 672, and cases cited; *Arnold v. Boyer*, 108 Mo. 310; *Bateson v. Clark*, 37 Mo. 31; *Railway v. Carlisle*, 94 Mo. 166; Revised Statutes, 1889, secs. 2167, 2168.

GANTT, P. J.—The defendant was tried and convicted of an assault with intent to rape, in the circuit court of Newton county, and his punishment assessed at six months in the county jail. He was indicted under section 3490, Revised Statutes, 1889. His appeal was taken to the St. Louis court of appeals, but that court, not having jurirdiction of "cases of felony" (section 12, art. 6, constitution of Missouri, 1875, and section 5 of amendment thereto adopted in November, 1884), certified the appeal to this court.

I.   The crime charged is a felony, as the offense denounced by the statute *may be punished by imprison-*

*ment in the penitentiary.* The fact that less punishment than imprisonment in the penitentiary was assessed in this case, does not reduce the offense to a misdemeanor. *State v. Deffenbacher*, 51 Mo. 26; *State v. Green*, 66 Mo. 631; *State v. Clayton*, 100 Mo. 516; *State v. Gilmore*, 28 Mo. App. 561.

II. We have fully examined this record and the brief of counsel for appellant, and we find no complaint in the motion for new trial, or elsewhere, of the instructions given by the court; nor is it claimed that the court did not fully instruct upon all questions of law. No exceptions to evidence have been saved. Defendant simply asks that we hold that he demonstrated his innocence.. In this, he evidently overlooks the fact that this is an appellate court and it is not our province to usurp the functions of the jury. They heard his evidence and found against him, and, as there was evidence from which they might so find, if they believed it, we have no right to interfere, on this ground alone. The judgment is affirmed. All of this division concur.