# THE STATE ex rel. BUTLER v. FOSTER, Judge.

**In Banc, March 30, 1905.**

1. **GENERAL ASSEMBLY: Grading Offenses: Fixing Punishment.** The General Assembly has the plenary power to grade the of-fense of bribery of, or attempt to bribe, a witness to absent himself, or to avoid a subpoena in any case, civil or criminal, and to make it a felony or misdemeanor. And if it makes it a misdemeanor it can fix the punishment at imprisonment in the penitentiary or in the county jail or fines.

2. **FELONY: What Is.** Under the general statutes of this State, where no classification is made of the offense in the statute which denounces it other than the fixing of the penalty, a fel-ony is an offense for which the accused may be imprisoned in the penitentiary, although the jury may inflict punishment by fine or imprisonment in the county jail.

3. ————: Misdemeanor: Punishable by Imprisonment in Peniten-'
tiary. Where the statute fixes the punishment of an offense at
imprisonment in the penitentiary, without declaring it to be a
misdemeanor and classifying it as such, the offense is a felony;
but when the statute denounces the offense and at the same
time specifically grades and classifies it as a misdemeanor, al-
though it may fix the punishment in certain cases at imprison-
ment in the penitentiary, there is no room for holding that the
offense is in part a misdemeanor and in part a felony, but it is,
as the statute classifies it, a misdemeanor.

4. ————: ————: ————: Attempt to Bribe. The statute (sec.
2041, R. S. 1899) denounces the crime of bribing or attempting to
bribe a witness to absent himself or avoid a subpoena or other
process, and says that "every person offending against the pro-
visions of this section shall be deemed guilty of a misdemeanor;
provided, that if the case shall be a prosecution or proceeding
against any person for a felony, the person so offending shall be
punished by imprisonment in the penitentiary for two years,
or in the county jail," etc. *Held*, that an indictment charging
the relator with the offense denounced by the statute charges
him with a misdemeanor, and in view of the words, "Every per-
son offending against the provisions of this section shall be
deemed guilty of a misdemeanor," there is no room for holding
that where the offense is bribing a witness to absent himself
in a misdemeanor case the offense is a misdemeanor, and where
the offense is bribing a witness to absent himself in a felony
case the offense is a felony.

5. GENERAL ASSEMBLY: Fixing Punishment. Excepting the
constitutional limitation that punishment must not be cruel,
etc., the General Assembly has plenary power to fix punish-
ments for crimes, and can in the same statute make an offense
a misdemeanor and fix its punishment at imprisonment in the
penitentiary.

6. STATUTORY CONSTRUCTION: Special Provision. If a spec-
ial provision applicable to a particular subject be inconsistent.
with a general law, the special will prevail.

7. JURISDICTION: Misdemeanor: Circuit Court. The circuit
court of St. Louis has jurisdiction to try a misdemeanor where
the punishment is by imprisonment in the penitentiary; the
court of criminal correction has jurisdiction over misdemeanors
which are punishable by imprisonment in the county jail or by
fine or by both.

8. ————: ————: ————: Attempt to Bribe a Witness. Unless
the indictment charging the accused with bribing or attempting
to bribe a witness to absent himself charges a felony, the cir-
cuit court has no jurisdiction to try the cause.

9. ———: ———: ———: ———: Charging a Felony: Inquiry by Grand Jury. Where the charge is that the accused bribed or attempted to bribe a witness to absent himself from a grand jury inquiring into a bribery committed "by some person or persons to the grand jury unknown," there is no charge of a felony, under the words of the statute, which declares that the bribery of a witness to absent himself shall be punished by imprisonment in the penitentiary "if the case be a prosecution or proceeding against any person for a felony," for those words mean that there must be a criminal prosecution or proceeding for a felony already instituted, and not merely an inquiry by a grand jury as to the commission of an offense.

## Prohibition.

WRIT AWARDED.

*C. H. Krum* and *T. J. Rowe* for relator.

(1) The indictment charges petitioner with the commission of a misdemeanor and the circuit court of the city of St. Louis has no jurisdiction. 2 R. S. 1899, art. 18, p. 2149; 2 R. S. 1879, sec. 1, ch. 2, p. 1507; Laws 1895, p. 130; 2 R. S. 1899, sec. 27, art. 17, p. 2538. If the offense charged in the indictment is a misdemeanor, the circuit court of the city of St. Louis has no jurisdiction, and an absolute writ of prohibition should issue against the judge of said court. The indictment attempts to charge the defendant in that case with a violation of section 2041, Revised Statutes 1899. The circuit court of the city of St. Louis is without jurisdiction: First, because the offenses denounced by that statute are declared by the statute itself to be misdemeanors; and, second, because the indictment does not allege facts sufficient to show that a witness was induced to absent himself in a case which was a prosecution or proceeding against a person for a felony. R. S. 1899, sec. 2041; R. S. 1879, sec. 1426; R. S. 1889, sec. 3673; G. S. 1865, ch. 203, sec. 9, p. 800; Wag. Stats. 1872, sec. 9, art. 5, p. 477; State ex rel. v. Auditor, 36 Mo. 66; Reddick v. The Governor, 1 Mo. 147; Pitman v. Flint, 27 Mass. (10 Pick.) 504; Wheeler v. McCormack, 8 Blatchf. 267; Best v. Gholson, 89 Ill. 465; Farm-

ers' Loan & T. Co. v. Oregon & R. Co., 24 Fed. 407; Tyman v. Walker, 35 Cal. 634. "Where the language of a statute is clear, direct and positive, leading to no absurd result, and affording a suitable, although not an adequate remedy for an existing evil, courts are to be governed by the obvious meaning and import of its terms, and not to extend its operation because they suppose the Legislature intended to give a more effectual remedy." Ezekiel v. Dixon, 3 Ga. (3 Kelly) 146; Jones v. State, 1 Kan. 273; Barstow v. Smith, Walk. Ch. 394; Bradbury v. Wagenhorst, 54 Pa. St. 180; Union Imp. Co. v. Commonwealth, 69 Pa. 140. A departure from the language of an unambiguous statute is not justified by any rule of construction. U. S. v. Ragsdale, 1 Hemp. (Fed.) 497; Virginia Coupon Case, 25 Fed. 641; Clarfoss v. State, 42 Ind. 403; Koch v. Bridges, 45 Miss. 247; Railroad v. Clark, 53 Mo. 214; Douglass v. Freeholders of Essex Co., 38 N. J. Law (9 Vroom) 214; Johnson v. Railroad, 49 N. Y. 455; Newell U. M. Co. v. Muxlow, 115 N. Y. 170; U. S. v. Warner, 4 McLean 463; Coffin v. Rich, 45 Me. 507; State v. De Bar, 58 Mo. 395. Penal statutes are to be strictly construed for the benefit of the citizen. State v. McLain, 49 Mo. App. 398; State v. Reid, 125 Mo. 43; State v. Bryant, 90 Mo. 534; State v. Gutzner, 134 Mo. 512; State v. Howard, 137 Mo. 289; State v. Schuchmann, 133 Mo. 111; Dudley v. Tel. Co., 54 Mo. App. 391; State v. McCance, 111 Mo. 398; State v. De Bar, 58 Mo. 398. The general description of offenses, as found in sections 2393 and 2395, Revised Statutes 1899, must yield to the particular provision as found in section 2041, which describes all violations of the statute misdemeanors. The Legislature has declared the offenses mentioned in section 2041 misdemeanors, and its authority and power in the premises is omnipotent. State v. Schuchmann, 133 Mo. 117; Bishop, Stat. Crimes (2 Ed.), secs. 193, 194, 227; Reagan v. United States, 157 U. S. 303; Mackin v. United

States, 117 U. S. 348. (2) The indictment does not state an offense upon the theory that the offense is a felony. To constitute an offense under the proviso there must have been a case, which must have been a prosecution or proceeding against some person for a felony. Bribery is a felony, but a general inquiry before a grand jury is not a case. The definition of this word, which generally obtains, is a question contested before a court of justice, an action or suit at law, or in equity. Ex parte Towles, 48 Tex. 453. The word must be taken in its legal sense. Home Ins. Co. v. Packet Co., 32 Iowa 223. It is obvious that the indictment does not allege that there was a case. State v. Emerich, 13 Mo. App. 498; State v. Hamm, 11 Mo. App. 585. If the allegations of the indictment are such as to make the offense charged therein a misdemeanor and not a felony, then the circuit court of the city of St. Louis has no jurisdiction and can not try same. State v. Nicholson, 56 Mo. App. 415; State v. Farrell, 23 Mo. App. 176; State v. Kaub, 23 Mo. 177.

*Arthur N. Sager* and *A. C. Maroney* for respondent.

(1) The offense denounced by the proviso of the statute and charged in the indictment is not a misdemeanor but a felony. R. S. 1899, secs. 2395, 2396. It is not the designation nor distinction of any offense which constitutes it a felony or misdemeanor; that is determined by the punishment affixed to it, both at common law and by statute. 4 Bl. Com., 94; Wharton's Criminal Law (10 Ed.), sec. 22; Clark's Crim. Law, sec. 33; Bishop's Crim. Law, sec. 615; Potter's Dwarris, p. 279; State v. Weldon, 70 Mo. 572; R. S. 1899, secs. 2393, 2395, 2375, 2377, 2378. Any offense punishable only by fine or imprisonment in county jail, or both, is a misdemeanor. R. S. 1899, secs. 2095, 2378. Section 2041, Revised Statutes 1899, declares the of-

State ex rel. v. Foster.

fense of bribing a witness in any cause, matter or proceeding not excepted out of its provisions by the proviso, i. e., in felony cases, a misdemeanor, and does not prescribe any punishment; but the punishment is prescribed in this case by section 2082. Any offense for which the offender, on conviction, shall be liable by law to be punished with death or imprisonment in the penitentiary is a felony. R. S. 1899, sec. 2393. And the fact that it may include punishment by jail sentence, or by fine, or both, does not rob it of its felonious character. State v. Ingrahm, 7 Mo. 293; State v. Johnson, 7 Mo. 183; State v. Nathan, 8 Mo. 631; State v. Feaslor, 25 Mo. 324; State v. McCorron, 51 Mo. 27; State v. Green, 66 Mo. 631; State v. Weldon, 70 Mo. 572; State v. Reeves, 97 Mo. 688; State v. Clayton, 100 Mo. 516; State v. Bockstruck, 136 Mo. 335; State v. Greenspan, 137 Mo. 149; State v. Gilmore, 28 Mo. App. 561; State v. Melton, 53 Mo. App. 646, 117 Mo. App. 618; State v. Nicholson, 56 Mo. App. 412. (2) To ascertain the intention of lawmakers is the goal of all interpretation, and "in construing statutes, penal as well as others, an interpretation must never be adopted that will defeat its own purpose if it will admit of any other reasonable construction." State ex rel. v. Slover, 126 Mo. 652; State v. Bishop, 128 Mo. 373; State v. Sibley, 131 Mo. 519; Friedman Bros. v. Sullivan, 48 Ark. 215; Kansas City v. Harber, 64 Mo. App. 604; St Joseph v. Elliot, 47 Mo. App. 418; 2 Lewis' Sutherland, Stat. Con. (2 Ed.), sec. 368. (3) The subject discussed in the second point of plaintiff's brief can not be considered by the court in this proceeding. The remedy afforded by the writ of prohibition is granted to prevent usurpation or excess of judicial power. R. S. 1899, sec 4448. Prohibition will not lie to correct errors committed or anticipated which may be corrected on appeal or writ of error. Bowman case, 67 Mo. 146; State ex rel. v. Scarritt, 128 Mo. 331; State ex rel. v. Hirzel, 137 Mo. 435; State ex rel. v. Heege, 49 Mo. App. 49; State ex rel. v.

Harrison, 53 Mo. App. 346. Even if the question of the insufficiency of the indictment was properly before the court, the limited and restricted definition of the word "case" and the narrow construction urged by the plaintiff is not warranted by the lexicographers or authorities. Century Dic., title "Case," sub-div. 5, p. 840; Anderson's Law Dic., p. 152. Case includes special proceeding as well as actions at law, suits in equity, and criminal prosecutions; and implies not only a controversy, but also legal proceedings. The word as used in the proviso must be construed with reference to the context of the statute which the proviso limits or qualifies. 2 Lewis' Sutherland, Stat. Con. (2 Ed.), sec. 344.

GANTT, J.—This is an original proceeding in this court to obtain a writ of prohibition against the respondent, as judge of the circuit court, to prevent his taking further cognizance of a certain prosecution pending in his division of the circuit court of the city of St. Louis, upon an indictment preferred by the grand jury of the said city against said relator, for the reason alleged that the offence charged in said indictment is a misdemeanor only, and by the laws of this State governing and limiting the jurisdiction of said circuit court it has no jurisdiction to try, hear or determine the said cause. The respondent in his return denies that he is proceeding without or in excess of his jurisdiction, and asserts that the offense for which the relator is indicted is a felony by virtue of the statute which relator is charged to have violated, and that the circuit court over which he presides has full authority to hear and determine the same, and unless prohibited he will proceed to try and determine the same. Relator moves for judgment upon the pleadings.

The petition states that on the 22nd day of July, 1904, there was presented by the grand jurors of the State of Missouri within and for the body of the city of St. Louis, and filed in the office of the clerk of the

circuit court of said city of St. Louis for the hearing of criminal causes, an indictment against the relator, in words and figures following, to-wit:

"Circuit Court, City of St. Louis, June Term, 1904. "State of Missouri, City of St. Louis, ss.

"The grand jurors of the State of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn and charged, upon their oath present:

"That at the city of St. Louis and State of Missouri and at the June term, A. D., 1902, of the circuit court, city of St. Louis, the grand jurors of the State of Missouri within and for the body of the city of St. Louis were duly impaneled, sworn, and charged (for and during said June term, A. D., 1903, of said circuit court) to diligently inquire and true presentment make, according to their charge, of all offenses against the laws of the State of Missouri committed or triable in the city of St. Louis of which they had or could obtain legal evidence, and that the said grand jurors were in session during the said June term, A. D., 1902, of said circuit court and were engaged in the discharge of their duties pursuant to the law and in accordance with the oath of said grand jurors and the charge of the said circuit court. That at said city of St. Louis and on or about the ninth day of September in the year one thousand nine hundred and two and during the said June term, A. D. 1902, of the said circuit court, there was a certain matter, cause and proceeding duly pending before the said grand jurors of which they then and there had due and lawful jurisdiction under their said oath and charge, to-wit: a certain complaint and information that theretofore, on or about the twenty-eighth day of November in the year one thousand eight hundred and ninety-nine (and within three years next before said ninth day of September, A. D., 1902), a certain ordinance was pending before the House of Delegates and Municipal Assembly of the city of St. Louis

known as Council Bill No. 44, and providing for the lighting of certain streets, alleys and other public places in said city of St. Louis, under the direction and supervision of the board of public improvments of said city and in accordance with the provisions of the charter of said city, and that on said twenty-eighth day of November, A. D., 1899, a large number of the members of the said House of Delegates had severally received a large sum of money as a gift, gratuity, and bribe for their votes as such members of said House of Delegates, for and in favor of the passage of said ordinance by said House of Delegates, and that a large sum of money, alleged to be the sum of forty-seven thousand and five hundred dollars had been paid to said members of the said House of Delegates, by some person or persons then unknown to said grand jurors, as a gift, gratuity, and bribe to certain members of said House of Delegates for their votes in favor of the passage of said ordinance, and that at the city of St. Louis and on the said twenty-eighth day of November, A. D. 1899, in the matter of the passage of the said ordinance by the said House of Delegates, the offense and felony of bribery had been committed by some person and persons then unknown to said grand jurors; and that the said grand jurors, pursuant to and in accordance with the law and their said oath and charge were diligently inquiring of and concerning the said alleged offense and felony of bribery. That said grand jurors, on or about the said ninth day of September, in the year one thousand nine hundred and two, in their said diligent inquiry and in the investigation of said complaint and information, duly required the clerk of the said circuit court in which said grand jurors were impaneled, to issue subpoenas and other process to bring witnesses to testify before the said grand jurors in the premises; and that in pursuance of said requirement the clerk of said court did then and there issue subpoenas and other process to bring witnesses to testify before said grand jurors in

the premises. That one Charles F. Kelly was then and there a competent witness to testify before said grand jurors in the said matter, cause and proceeding and in relation to the said alleged offense and felony of bribery, and then and there had personal knowledge of the same. That the clerk of the said circuit court was duly required by the said grand jurors to issue a subpoena for the said Charles F. Kelly and in pursuance of said requirement did issue a subpoena for the said Charles F. Kelly, commanding him to be and appear and testify before the said grand jurors, on or about the said ninth day of September in the year one thousand nine hundred and two; and that the said subpoena was then and there, by the sheriff of the city of St. Louis, duly served upon the said Charles F. Kelly. That at the said city of St. Louis, and on or about the said ninth day of September in the year one thousand nine hundred and two, one Edward Butler well knowing the premises, unlawfully, corruptly and feloniously, directly and indirectly, did by bribery and by the payment of the sum of fifteen thousand dollars lawful money of the United States to the said Charles F. Kelly, induce the said Charles F. Kelly to absent himself from the said grand jurors and from the said city of St. Louis and State of Missouri for the purpose of avoiding the giving of his testimony before said grand jurors, and to withhold the evidence of the said Charles F. Kelly in the premises from the said grand jurors; and did then and there, directly and indirectly, by bribery and by the payment of the said sum of fifteen thousand dollars to said Charles F. Kelly as aforesaid, unlawfully, corruptly and feloniously deter the said Charles F. Kelly from appearing and giving evidence before said grand jurors in the said cause, matter and proceeding so pending as aforesaid before said grand jurors: Against the peace and dignity of the State.''

It is stated said cause was duly assigned to Judge Foster's Division, No. 8, of said circuit court; that

thereafter relator was admitted to bail to answer to said indictment; that afterwards on the 17th of October, 1904, relator filed his motion to quash said indictment on the ground, among others, that the said circuit court was without jurisdiction to entertain, try or determine the issues or questions which might be joined upon said indictment; that afterwards on the 29th of November, 1904, said motion to quash was overruled.

The jurisdiction of the circuit court of the city of St. Louis in criminal causes is regulated and limited by an act of the General Assembly, approved, March 26, 1895, entitled, "An act in relation to the administration of justice in the city of St. Louis," etc. [Laws 1895, p. 130, et seq; R. S. 1899, vol. 2, sec. 27, p. 2538.] Said section 27 is in these words:

"On the first Monday of January, 1897, the St. Louis Criminal Court, and the offices of the judges and clerk thereof, shall be abolished, and all jurisdiction and powers then vested in said court or the judges thereof shall be transferred to, vested in, and thereafter exercised by the circuit court of the city of St. Louis and the judges thereof, as said court will on that day be constituted under the Constitution and the laws then in force, and thereafter said circuit court and judges, *except in cases of which the St. Louis Court of Criminal Correction has jurisdiction,* shall have the same jurisdiction in criminal cases and matters arising in said city that under the Constitution and laws is or may be vested in other circuit courts of the State."

As the causes cognizable by the St. Louis Court of Criminal Correction are expressly excepted out of the jurisdiction of the circuit court of said city, reference to the jurisdiction of the St. Louis Court of Criminal Correction must necessarily be had.

By section 13 of the act creating and defining the jurisdiction of the said court (R. S. 1899, page 2544) "said court shall have exclusive original jurisdiction of all misdemeanors under the laws of the State com-

mitted in St. Louis city, the punishment whereof *is by fine, or imprisonment in the county jail, or both,* or by any forfeiture, except cases of assault and battery, and affray or riotous disturbance of the peace, which are cognizable by justices of the peace, and in relation to which the jurisdiction of said court shall be concurrent with them; and the said court shall have concurrent jurisdiction with the police court of the city of St. Louis of all offenses which may be declared to be misdemeanors under any law of the State, and which may also be in violation of any ordinance of the city of St. Louis.''

By section 19 of said act (p. 2545) ''no indictment shall hereafter be found for any misdemeanor under the laws of this State, committed in the city of St. Louis, the punishment whereof is by fine or imprisonment in the county jail, or both, or by any forfeiture; but the same shall be presented to the court of criminal correction by information.''

In this connection also must be read section 2493 and 2494, Revised Statutes 1899, which provide:

Section 2493: ''In all counties or cities in which by law the jurisdiction to try and determine felonies shall be vested in *one* court, and the jurisdiction to try and determine misdemeanors shall be vested in *another* court, the grand jury organized and connected with the court having jurisdiction over felonies shall return into such court any indictment for misdemeanors found by them.''

Section 2494: ''The court into which such indictments shall be returned shall, without delay, cause all such indictments to be certified and transmitted to the court having jurisdiction to try and determine the charges in such indictments contained, and the trial therefor shall proceed without other information.''

Keeping in view these provisions as to jurisdiction of criminal causes, and conceding that the offense charged in the indictment is the one denounced in sec-

tion 2041, Revised Statutes 1899, let us see what that section is. It provides: ''Every person who shall, by bribery, menace or other means, directly or indirectly induce or attempt to induce any witness, or person who may be a competent witness, to absent himself or avoid a subpoena or other process, or to withhold his evidence, or shall deter or attempt to deter him from appearing or giving evidence in any cause, matter or proceeding, civil or criminal, and every such witness or person who may be a competent witness in any such case, who shall, directly or indirectly, accept, take or receive, or agree to accept, take or receive, any money or other valuable thing to absent himself, or avoid a subpoena or other process, or to withhold his evidence in any such case, every person offending *against the provisions of this section shall be deemed guilty of a misdemeanor*: *Provided, that if the case shall be a prosecution or proceeding against any person for a felony, the person so offending shall be punished by imprisonment in the penitentiary for two years,* or in the county jail not exceeding six months, or by fine not less than one hundred dollars, or both such fine and imprisonment.''

This controversy, then, is narrowed down to a construction of section 2041, Revised Statutes 1899. Is a commission of the offense defined in that section a felony or a misdemeanor? The General Assembly, which enacted the law, in simple, unambiguous words, designated it a misdemeanor. That they had the plenary power to grade this offense does not admit of question. Indeed we do not understand the learned counsel for the State to dispute that the bribery of or attempt to bribe a witness to absent himself or to avoid a subpoena in any case civil or criminal is anything more under this section than a misdemeanor, *save* and *except* in a case of the prosecution of or proceeding *against some person* for a *felony*. Their contention is that the section provides for *two* grades of offenses, a

*misdemeanor,* where the acts denounced are committed in any civil cause or matter, or where the prosecution is for a *misdemeanor* only; and a *felony,* when the same acts are committed in deterring or attempting to induce a witness from testifying in the prosecution of some person for a felony. But the statute itself makes no such distinction. It says: *"Every person offending against the provisions of this section* shall be deemed guilty of a misdemeanor." Not that a person guilty of offending against provisions of said act in a prosecution of a misdemeanor or a civil case only should be guilty of a misdemeanor, and those guilty of like acts in the prosecution of a felony should be guilty of a felony.

But the learned counsel for the State urged that it is not the designation of an offense which constitutes it a felony or a misdemeanor but the punishment which is affixed to such offense, and there is much force in this contention from the fact that by a general statute the Legislature has defined the terms "felony" and "misdemeanor."

By section 2393: "The term 'felony,' when used in this or any other statute, shall be construed to mean any offense for which the offender, on conviction, shall be liable to be punished with death or imprisonment in the penitentiary, and no other."

By section 2395: "The term 'misdemeanor,' as used in this or any other statute, shall be construed as including every offense punishable only by fine or imprisonment in a county jail, or both."

In a long line of decisions beginning as early as Johnston v. State, 7 Mo. 183 (1841), it has been held by this court that a felony under the above-cited sections is an offense for which the accused *may be* imprisoned in the penitentiary though the jury may inflict punishment by a fine or imprisonment in the county jail. [State v. Melton, 117 Mo. 618; State v. Green, 66 Mo.

647-8; State v. Clayton, 100 Mo. 516; State v. Weldon, 70 Mo. 571; State v. Reeves, 97 Mo. 672.]

Whilst the statutes unmistakably determine that the word ''felony'' when used in any statute in this State should be construed to mean any offense for which the offender on conviction should be liable to be punished by death or imprisonment in the penitentiary, it does not say that *all* offenses which subject the offender to imprisonment in the penitentiary shall be felonies, but such was the clear implication of the statute and such has been the uniform construction given to it. Conceding then that when an offense is created or defined and the punishment affixed thereto is such that the accused may be punished by imprisonment in the penitentiary such an offense, under the statutes already cited, is a felony, although not expressly so denominated, does it follow that the Legislature of this State may not create an offense and provide by express language that it shall be a misdemeanor, even though it attaches punishment to such offense in certain contingencies by imprisonment in the penitentiary?

It is absolutely clear that section 2041, Revised Statutes 1899, is a statutory crime created by the Legislature. Prior to 1879 it was punishable solely by fine or imprisonment in the county jail or both. In the revision of 1879 the *proviso* found therein was added by which the accused was punishable by imprisonment in the penitentiary for the same acts, if *the case* in which the bribery or attempted bribery of the witness occurred is a prosecution or proceeding against any person for a felony. That the Legislature which created the offense could also affix the punishment therefor there can be no *doubt* unless inhibited by the Constitution, and there is no pretense of any infringement of the Constitution in this case. Having the power to create the offense and provide the punishment therefor, can there be any doubt that it could also fix the grade of the offense? If the General Assembly has

not the power to grade offenses, and determine that some shall be felonies, and others misdemeanors, where is that power lodged? Certainly not in the courts, for their duty is to administer, not to make, laws. We are clear that the Legislature alone had the power to classify this offence, as it did when it declared it a misdemeanor. It is true that in State v. Weldon, 70 Mo. l. c. 574, this court said: "It is not the designation of any offense which, with us, constitutes it a felony, or a misdemeanor, but the punishment which is affixed to such offense." But that was said in construing section 7 of article 9 of Wagner's Statutes 1870, in which the Legislature merely affixed the punishment and did not grade or classify the offense in terms and was not determinative of any proposition involved in the case.

In Reagan v. United States, 157 U. S. l. c. 303, Mr. Justice BREWER says: "There is no statutory definition of felonies in the legislation of the United States. We must therefore look elsewhere for the meaning of the term (felony). The question was recently before us in Bannon and Mulkey v. United States, 156 U. S. 464, 468, and Mr. Justice BROWN, delivering the opinion of the court, after referring to the statutory provisions in some of the States, said: 'But in the absence of such statute the word is used to designate such serious offenses as were formerly punishable by death, or by forfeiture of the lands or goods of the offender. [Ex parte Wilson, 114 U. S. 417, 423.]' See, also, United States v. Palmer, 3 Wheat. 610. But in this case we need not *refer to the common law for a classification of the offense.* Section 2865, Revised Statutes, provides that 'if any person shall knowingly, . . smuggle, or clandestinely introduce into the United States any goods, wares, or merchandise, subject to duty by law . . . without paying or accounting for the duty . . *every such person . . . shall be deemed guilty of a misdemeanor,* and on conviction thereof shall be fined in any sum not exceeding five thousand dollars or im-

prisoned for any term of time not exceeding *two years,* or both.' By this section *smuggling is in terms declared a misdemeanor* . . . The offense was nothing but a misdemeanor, and the defendant was only entitled to three peremptory challenges.'' Elsewhere in the opinion Judge BREWER noted that by section 5541, Revised Statutes of United States, imprisonment for a period longer than one year *may be in the penitentiary.* In that case the distinguished counsel, Ex-Attorney General Garland, made the point that the liability to imprisonment in the penitentiary was the test of felony, and that being a felony the defendant was wrongfully denied ten peremptory challenges, and was allowed only three. It is plain that the Supreme Court of the United States held, *first,* it was the prerogative of the Congress of the United States to classify any offense, within the scope of its legislative powers, as a felony, *or misdemeanor,* that it *did classify and designate* smuggling as a misdemeanor, and that settled the grade of the said crime, and the fact that the defendant *could be imprisoned in the penitentiary* for *two years* therefor, did not make it a felony. But the answer may be made that Congress had not enacted any statute defining a felony as the Legislature of this State has by sections 2393 and 2395, Revised Statutes 1899, but it is obvious that the Supreme Court of the United States based its decision on the fact that as to that particular offense, Congress had designated and classified it a misdemeanor, and that settled the question.

Moreover in Bannon & Mulkey v. United States, 156 U. S. l. c. 466, the Supreme Court of the United States said: ''Defendants' argument in this connection is that, inasmuch as this court held in Mackin v. United States, 117 U. S. 348, that a crime punishable by imprisonment in the State prison or penitentiary, with or without hard labor, is an infamous crime as known to the Federal Constitution, it necessarily follows that such an offense is a felony, and hence, that the indict-

ment is defective, in failing to aver that the conspiracy was *feloniously* entered into.''

The court, after stating that a conspiracy to commit *any* offense against the United States is not a felony at common law, said: ''Neither does it necessarily follow that because the punishment affixed to an offense is infamous, the offense itself is thereby raised to the grade of a felony. . . . If such imprisonment were made the sole test of felonies, it would necessarily follow that a great many offenses of minor importance, such as selling distilled liquors without payment of the special tax, and other analogous offenses under the internal and customs revenue laws, would be treated as felonies, and the persons guilty of such offenses stigmatized as felons.'' These decisions fully fortify the view we have already expressed.

So, here, if the Legislature had denounced the acts mentioned in section 2041 and affixed the punishment at a term in the penitentiary, without declaring and classifying it a misdemeanor, it is clear that, according to our previous decisions, it should be held the offense was a felony, but when as in this case it denounces the offense, and at the same time specifically *grades* and *classifies* it as a misdemeanor there is no room for the implication that it intended it should be in part a misdemeanor, and in part a felony. The language will not admit of such a construction. It declares a violation of *all the provisions of the section* a misdemeanor in plain, simple terms, and simply varies the punishment according to the circumstances of the crime.

As to the punishment of the offense in any case outside of the proviso, section 2082, Revised Statutes 1899, controls. That section provides that, ''Every person who shall be convicted of any misdemeanor under the provisions of this article shall, *where no different punishment* is prescribed, be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding five hundred dollars, or by

both such fine and imprisonment.'' In any case falling within the proviso, the same acts are punishable ''by imprisonment in the penitentiary for two years, or in the county jail not exceeding six months, or by a fine of not less than one hundred dollars, or by both such fine and imprisonment.'' The offense for which this last punishment is provided is one and the same offense designated and declared *a misdemeanor*.

Now, was it or not within the power of the Legislature to punish a specific misdemeanor by imprisonment in the penitentiary. If not, why not? Where in the Constitution is the power of the Legislature so restricted that it may not add any punishment it sees fit for any crime it defines short of that found in section 25 of article 2 of the Constitution which ordains ''that excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted?''

This provision applies as well to the punishment of felonies as misdemeanors. It does not attempt to interfere with that plenary legislative power which is vested by the people, through their organic law, in the General Assembly. [Art. 4, sec. 1, Const. of Mo. 1875.]

Indeed we do not understand counsel for the State to controvert the authority of the Legislature to determine what conduct they will denounce as criminal, nor its power to grade the same as a felony or misdemeanor; or to make that a felony which, at common law, was merely a misdemeanor, or that a misdemeanor, which had previously been a felony. That there was a strange inconsistency as to the grading of offenses in England is apparent when we consider that *perjury* was only a *misdemeanor,* and *larceny* a felony; a felony to steal five shillings, but a misdemeanor only to rob a bank.

It seems unnecessary to further elaborate this point, for the contention of the State is based upon the fact that the Legislature created and defined the

offense denounced in section 2041, Revised Statutes 1899, first as a misdemeanor, and afterwards in 1879 made the same acts a felony, and affixed a different punishment in the proviso.    If it could do this it had the power and authority to punish a misdemeanor by imprisonment in  the penitentiary, notwithstanding the fact that previous Legislatures had made only felonies punishable by imprisonment in the penitentiary, and misdemeanors punishable only by imprisonment in the county jail or a fine or both.    This was exactly what Congress did in Reagan v. United States, 157 U. S. 303, and Congress has no greater power in defining and grading offenses within its domain than the General Assembly of this State has within its sphere and domain.

We conclude then on this branch of the case that where an offense is not designated by the statute which creates it  either as a felony or misdemeanor, but its punishment is prescribed, then by recourse to sections 2393 and 2395, the grade of such offense is determined by the punishment. If the punishment is such that the offender if convicted may be incarcerated in the penitentiary it is a felony; if by imprisonment in the county jail or by fine only, then it is a misdemeanor, but when the Legislature itself names the offense then there is no  place for controversy; it is of whatever grade the Legislature provides.

It designated this offense a *misdemeanor*.  It did not *call* it or any part of it a *felony*, nor leave it without a name, and a grade.

We think there is no repugnancy between sections 2393 and 2395 and section 2041, Revised Statutes 1899. The two former announce a general rule whereby, in the absence of any expression by the Legislature as to what the grade of an offense shall be further than by fixing the punishment therefor, the punishment will determine the grade, whereas, in section 2041, Revised

Statutes 1899, the Legislature has not left it open to construction, but defined, designated and classified the offense as a misdemeanor. · But if there is any conflict, it is an approved canon of construction that if a special provision applicable to a particular subject be inconsistent with a general law the special will prevail. [State v. DeBar, 58 Mo. 395; State v. Green, 87 Mo. l. c. 587.]

It is urged with great earnestness that the statute should not be given a construction which would work a public wrong unless its language is free from doubt. Conceding this, it must be borne in mind that "the primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language he has used. He is presumed to know the meaning of words and the rules of grammar. The courts have no function of legislation, and simply seek to ascertain the will of the legislator." [United States v. Goldenberg, 168 U. S. 95, 102.]

The Legislature having designated this offense a misdemeanor, it is not our province to hold it is a felony out of a feeling of injustice, so as to give a court jurisdiction which has no jurisdiction to try a misdemeanor of a certain class. And this leads us to the consideration of the jurisdiction of the St. Louis court of criminal correction. It has jurisdiction to try all misdemeanors only which are punishable by imprisonment in the county jail, or fine or both. It has no jurisdiction to try a misdemeanor where the punishment *is by imprisonment in the penitentiary,* and on the other hand the circuit court of St. Louis has jurisdiction in all misdemeanors which are not "punishable by imprisonment in the county jail or by fine or both." · Hence, if a misdemeanor is punishable by imprisonment in the penitentiary, as an offense coming within the proviso to section 2041 clearly is, the circuit court has jurisdiction to hear and determine it. Does the indictment charge a misdemeanor within the *proviso?* If it does,

the prohibition must be denied. If it does not, then the circuit court will exceed its jurisdiction if it continues to hold cognizance of the cause. Of course the sufficiency of the indictment in charging an offense will not be determined on this application. It may and must be looked to, however, to discover whether it charges an offense belonging to that class which is punishable by imprisonment in the penitentiary. It is conceded by counsel for the State that the indictment. must charge facts bringing the case within the *proviso* in order to give the circuit court jurisdiction.

The words, "Provided, that *if the case shall be a prosecution or proceeding against any person for a felony,*" constitute the whole designation of the class. Three factors are essential to the circuit court's jurisdiction over offenses within the proviso; *first,* a *case; second,* it must be a *prosecution* or *proceeding* for a felony; and, *third, "against some person."*

We are not called upon to make a narrow or strained construction of these words. They are to be taken in their natural ordinary sense and common acceptation. The *proviso* on its face presupposes a *case* pending when the attempt to bribe the witness occurs. It says "that if *the case* shall be a *prosecution,*" etc. In a word, the whole context shows that there must be *first* a criminal prosecution or proceeding for a *felony* already instituted. What is meant by prosecution or proceeding for a felony? Evidently a prosecution by indictment or information, or upon an affidavit, upon which an accused has been charged before an examining magistrate as the basis of a preliminary examination for committing, or binding the prisoner over to answer to an indictment. By the plain words of the statute this prosecution or proceeding must be *against some person,* a *person named in* such criminal prosecution or proceeding, and *against whom* it is being prosecuted. The statute means that a criminal prosecution or proceeding against some person has taken on the

matured form of a legal accusation of crime before some court or magistrate having jurisdiction in the premises.

Can the words of this proviso properly or reasonably be held to apply to a general inquiry by a grand jury as to whether bribery had been committed in connection with the passage of an ordinance *"by some person or persons unknown to said grand jurors?"* The indictment upon its face shows that not only was there no *case or prosecution or proceeding pending against any person but that no person was known to the grand jury to have committed the alleged bribery,* and no *particular person charged therewith.*

The words "prosecution" or "proceeding" in the connection in which they are used in this section are synonyms of each other, and by no fair intendment can either of them be held to mean a mere inquiry by the grand jury as to the commission of an offense. This is a criminal statute, and must be construed strictly in favor of defendant, but to hold that the indictment in this case alleges that there was a case pending and that case was a criminal prosecution of any particular person for a felony, would be to disregard all the rules of criminal pleading.

Without then passing upon the sufficiency of the indictment, we hold that upon its face it affirmatively demonstrates that the offense charged therein is not one of the class denounced in the *proviso* and therefore not punishable by imprisonment in the penitentiary, and the defendant if guilty could only be punished as and for a misdemeanor, under section 2082, Revised Statutes 1899, by imprisonment in the county jail, or by fine, or both, and the same is triable only in the St. Louis Court of Criminal Correction.

It results then that the grand jury had a right to return the indictment, but the circuit court has no jurisdiction to hear and try the case, and under sections 2493 and 2494, Revised Statutes 1899, it is its duty to

cause said indictment to be certified to the St. Louis Court of Criminal Correction to try and determine the charges therein contained.  It follows that a writ of prohibition must be and is awarded prohibiting Judge Foster and the division of the circuit court over which he presides, to-wit, Division No. 8 thereof, from taking cognizance of said indictment further than to cause the same to be certified to the St. Louis Court of Criminal Correction.

All concur.