STATE OF MISSOURI, Respondent, v. LUTHER HERRICK, Appellant.

St. Louis Court of Appeals, June 30, 1911.

**CRIMES AND PUNISHMENTS: Felony: Appellate Jurisdiction.**
Where a statute denouncing an offense provides for punishment by imprisonment in the penitentiary, such offense is a felony, although the statute provides for a minimum punishment by fine and imprisonment in jail, and hence, where a defendant is prosecuted and convicted under such a statute, the Court of Appeals is without jurisdiction to hear the appeal, although defendant's punishment is fixed at imprisonment in the county jail and the imposition of a fine.

Appeal from Lewis Circuit Court.—*Hon. Charles D. Stewart,* Judge.

TRANSFERRED TO SUPREME COURT.

*W. M. Hilbert* and *R. L. McNally* for appellant.

*Noah W. Simpson* for respondent.

NORTONI, J.—It appears in the record before us defendant was convicted under the provisions of section 4478, Revised Statutes 1909, on the charge of seducing a female under twenty-one years of age by means of a promise of marriage, and his punishment was fixed by the jury at nine months in the county jail and a fine of $250. From this judgment he prosecutes an appeal to this court, but it is obvious we are without jurisdiction of the cause.

The offense, defined by section 4478, Revised Statutes 1909, is a felony; for, though the statute authorizes a jail sentence and fine, it permits as well an imprisonment in the penitentiary for a term not less than two nor more than five years, in the discretion of the jury. The fact that a statute prescribes a lesser punishment than imprisonment in the penitentiary, which

the jury may inflict in its discretion, is wholly immateral in determining the grade of the offense under our law as to matters pertaining to the jurisdiction on appeal, for if imprisonment in the penitentiary may be imposed, the statute is taken to define and denounce a felony. It is likewise true that the mere circumstance of an assessment of the lesser penalty on conviction is without influence as well on determining the jurisdiction of the court on appeal. [See State v. Melton, 117 Mo. 618, 23 S. W. 889, s. c., 53 Mo. App. 646; see, also, State v. McMahill, 214 Mo. 310, 113 S. W. 1071.] Under section 12, article 6 of the Constitution of Missouri, as modified by section 5 of the amendment thereto, adopted in 1884, pertaining to the jurisdiction of the Supreme Court and the several courts of appeals, jurisdiction to review appeals in cases of felony is lodged in the Supreme Court and no such power inheres with us. In view of this fact, and the grade of the offense involved in the present cause, it is obvious the appeal to this court was inadvertently allowed and it becomes our duty, under section 3938, Revised Statutes 1909, to transfer the case to the Supreme Court, to which the appeal should have been prosecuted in the first instance. [See State v. Melton, 53 Mo. App. 646, s. c., 117 Mo. 618, 23 S. W. 889.]

It is, therefore, ordered that this cause together with the original transcript and all papers and files therein be transferred to the Supreme Court for final determination in obedience to the statute referred to. *Reynolds, P. J.,* and *Caulfield, J.,* concur.