State v. McGovern.

STATE OF MISSOURI, Respondent, v. SHERMAN McGOVERN, Appellant.

St. Louis Court of Appeals. Submitted May 4, 1911.
Opinion Filed July 15, 1911.

CRIMES AND PUNISHMENTS: Felony: Appellate Jurisdiction.
Where a statute denouncing an offense provides for punishment by imprisonment in the penitentiary, such offense is a felony, although the statute provides for a minimum punishment by imposing a fine, and hence, where a defendant is prosecuted and convicted under such a statute, the Court of Appeals has no jurisdiction to hear the appeal, although defendant's punishment is merely the imposition of a fine.

State v. McGovern.

Appeal from Lewis Circuit Court.—*Hon. Charles D. Stewart*, Judge.

TRANSFERRED TO SUPREME COURT.

*Walter M. Hilbert* for appellant.

*Noah W. Simpson* and *Emert C. Hilbert* for respondent.

REYNOLDS, P. J.—Appellant was proceeded against by information exhibited by the county attorney of Lewis county, in which information he was charged with having committed an assault with intent to kill, the information bottomed on section 1848, Revised Statutes 1899, now section 4482, Revised Statutes 1909. The offense charged is a felony. He was convicted and the minimum punishment prescribed by law, namely, a fine of one hundred dollars and costs imposed. The offense charged is a felony, which may be punished by imprisonment in the penitentiary for a term not exceeding five years. This court has no jurisdiction on appeal of felonies. The fact that less punishment than imprisonment in the penitentiary was assessed does not reduce the offense to a misdemeanor. [State v. Melton, 117 Mo. 618, 23 S. W. 889; State ex rel. Butler v. Foster, 187 Mo. 590, 86 S. W. 245.] The jurisdiction of this case on appeal not being in this court but in the Supreme Court, we transfer it to the latter. *Nortoni* and *Caulfield, JJ.*, concur.