## THE STATE v. WILLIAM and MARTHA WOODSON, Appellants.

Division Two, March 18, 1913.

1. **APPELLATE JURISDICTION: Criminal Cases.** In criminal cases the appellate jurisdiction of the Supreme Court is governed by the grade of the offense and is limited to felonies.

2. ————: ————: **Felony: Misdemeanor.** The term "felony" under the code means any offense for which the offender, on conviction, shall be liable to punishment by death or imprisonment in the penitentiary. The term "misdemeanor" includes every offense punishable only by fine or imprisonment in the county jail, or both.

3. ————: ————: ————: **Not So Designated in Statute.** Where no classification of the offense is made other than the fixing of the penalty, a felony is an offense for which the accused may be imprisoned in the penitentiary, although the jury may, if authorized by statute, inflict punishment by fine or imprisonment in the county jail, or both, and such fine or imprisonment does not deprive the Supreme Court of appellate jurisdiction. But where the statute has classified offenses other than by fixing the penalty, and has prescribed that under a charge of a felony the accused may be convicted of a misdemeanor, the courts of appeals have appellate jurisdiction. [Overruling State v. McMahill, 214 Mo. 310; State v. Wilson, 230 Mo. 647; State v. Wilson, 140 Mo. App. 726; State v. McGovern, 159 Mo. App. 134.]

4. ————: **Receiving Stolen Property.** Where defendants were charged with having knowingly received personal property of the value of $37 and upon conviction their punishment was assessed at a fine of $100, the Court of Appeals, and not the Supreme Court, has jurisdiction over their appeal. The offense charged belongs to that class of offenses in which misdemeanors are included in the charge of felonies.

248 Mo.—45

Appeal from Lafayette Criminal Court.—*Hon. John A. Rich*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Clarence Vivion* and *Chiles & Chiles* for appellants.

*John T. Barker*, Attorney-General and *Thomas J. Higgs*, Assistant Attorney-General, for the State.

## ON MOTION TO RE-TRANSFER TO KANSAS CITY COURT OF APPEALS.

PER CURIAM.—The. defendants were jointly charged with having knowingly received stolen property aggregating the value of $37, under section 4554, Revised Statutes 1909. Upon a trial they were convicted in the circuit court of Lafayette county and their punishment assessed at a fine of $100.

They appealed to the Kansas City Court of Appeals, which court transferred the case here on the ground that the information charged a felony and hence the court did not have jurisdiction.

The attorney-general now moves to re-transfer the case to the Kansas City Court of Appeals for the reason that this court has no jurisdiction, because the conviction was for a misdemeanor.

A review of the statutory provisions and the authorities of our court on the subject of jurisdiction in cases of this character, is not improper in this connection.

In criminal cases the appellate jurisdiction of this court is governed by the grade of the offense and is limited to felonies. [Article 6, section 12, Constitution, and section 5 of the Amendment of 1884 thereto; State v. Zinn, 141 Mo. 329, 333.]

The term "felony" under our code means any offense for which the offender, on conviction, shall be

State v. Woodson.

liable to be punished with death or imprisonment in the penitentiary. [Sec. 4923, R. S. 1909.]

The term "misdemeanor" includes "every offense punishable only by fine or imprisonment in a county jail, or both." [Sec. 4925, R. S. 1909.]

The well known meaning of these terms would render reference thereto unnecessary except to present an orderly statement of the law in regard to the matters under consideration. In a long line of decisions beginning with Johnston v. State, 7 Mo. 183, it has been held by this court *where no classification is made of the offense other than the fixing of the penalty,* that a felony is an offense for which the accused may be imprisoned in the penitentiary, although the jury may, if authorized by statute, inflict punishment by fine or imprisonment in a county jail, or both, and that such finding does not deprive this court of appellate jurisdiction. [State v. Melton, 117 Mo. 618; Id., 53 Mo. App. 646; State ex rel. v. Foster, 187 Mo. 590, 603; State v. Herrick, 158 Mo. App. 487.]

But where the statute has classified offenses other than by fixing the penalty and has prescribed that under a charge of a felony the accused may be convicted of a misdemeanor, as in felonious assaults where the punishment may be for a common assault (Sec. 4904, R. S. 1909), and in grand larceny where the punishment may be for petit larceny (Sec. 4549, R. S. 1909), the courts of appeals have appellate jurisdiction. [State v. White, 109 Mo. 223; State v. Saye, 109 Mo. 224; State v. Wilson, 126 Mo. App. 302, 306; State v. Amos, 165 Mo. App. 213.]

Cases are to be found in our reports (State v. McMahill, 214 Mo. 310; State v. Wilson, 230 Mo. 647; Id., 140 Mo. App. 726; State v. McGovern, 159 Mo. App. 134), which announce a contrary rule in regard to appellate jurisdiction in criminal cases, but in view of the express terms of the statutes referred to, which authorize convictions of lesser offenses when involved

in and necessarily proved in the introduction of the evidence in regard to greater offenses, we are of the opinion these cases do not correctly declare the law, and are, therefore, overruled.

The offense charged in the case at bar is in its nature accessorial to that of larceny; its kinship to larceny is shown by the statute which prescribes the punishment for its commission the same as for a like grade of larceny (sec. 4554, supra); for example, if stolen property of the value of $30 or more is alleged to have been knowingly received, as in the case before us, and it is shown upon the trial that the property is of less value than $30, the defendant may be convicted of a misdemeanor. Thus it will be seen that the offense here charged belongs properly to the class of cases in which misdemeanors are included in the charge of felonies, and hence within the appellate jurisdiction of the Court of Appeals. We find this conclusion sustained by our Supreme Court in State v. Greenspan, 137 Mo. 149, which is as nearly on all-fours with the case at bar as one case can be with another. The conclusion from the foregoing is that this case should be transferred to the Court of Appeals, there to be heard and determined, and it is so ordered.