# STATE OF MISSOURI, Respondent, v. ASA SPARKS, Appellant.

### Springfield Court of Appeals, May 12, 1914.

1. **COURTS: Jurisdiction: Of Appellate Courts in Criminal Cases: Not Determined by Consent.** The question of the jurisdiction of a Court of Appeals in a criminal case cannot be determined by the consent of the Prosecuting Attorney and counsel for accused. And though the attorneys on both sides may request the transfer of the case to the Supreme Court, the appellate court must determine the question of jurisdiction.

2. **CRIMINAL LAW: Felony: Definition.** A felony is a crime the punishment of which *may* be imprisonment in the penitentiary and the fact that the punishment of one convicted of such an offense is fixed by the jury at a fine or jail sentence does not reduce the offense to a misdemeanor so as to give the Court of Appeals appellate jurisdiction thereof.

3. **CRIMINAL LAW: Appellate Jurisdiction: Felony and Misdemeanor in One Charge.** It is only in that class of cases where the statute makes a felony charge include a misdemeanor charge that the grade of the offense of which the defendant is actually convicted being a misdemeanor confers appellate jurisdiction on the Court of Appeals.

4. **CRIMINAL LAW: Appellate Jurisdiction: Conviction on Felony Charge.** Where one is convicted of the felony charge of breaking the custody of an officer, the appeal lies to the Supreme Court although the punishment is assessed at a jail sentence only.

Appeal from Bollinger County Circuit Court.—*Hon. Peter H. Huck,* Judge.

TRANSFERRED TO SUPREME COURT.

*Wm. M. Morgan* and *J. W. Cadwell* for appellant.

*Homer F. Williams* for respondent.

STURGIS, J.—The defendant was granted an appeal to this court from a judgment of conviction under

an indictment based on Section 4382, Revised Statutes 1909, charging him with breaking the lawful custody of an officer having him in charge, before conviction, for violation of a penal statute. The criminal charge under which defendant was arrested and was being held for trial at the time he is now charged with breaking the lawful custody of the Sheriff of Bollinger county, Missouri, is that of grand larceny. The defendant was convicted and sentenced to six months in the county jail. The Prosecuting Attorney has filed a motion in this court to have the cause transferred to the Supreme Court on the ground of our lack of jurisdiction of this appeal. The attorneys for defendant consent to this motion, but we must, neverthless, inquire into the question of jurisdiction, as such question is in no wise determined by consent.

It will readily be seen that the offense with which fendant is charged is a felony, i. e., one for which the defendant *may* be punished by a penitentiary sentence. Under the decision of the Supreme Court in State v. Woodson, 248 Mo. 705, 154 S. W. 705, there seems to be an impression that the question, to what court the appeal shall be granted, is dependent on the result of the trial rather than the measure of the offense charged. This is true only to a limited extent. The Woodson case in no manner overrules the long line of cases holding that, where the offense charged is a felony and the defendant is convicted of such felony, it remains a felony for the purposes of an appeal although the punishment assessed is a fine or jail sentence. [State ex rel. v. Foster, 187 Mo. 590, 603, 86 S. W. 245; State v. Melton, 117 Mo. 618, 23 S. W. 889; State v. Melton, 53 Mo. App. 646; State v. Herrick, 158 Mo. App. 487, 139 S. W. 258; State v. Zinn, 141 Mo. 329, 42 S. W. 938; State v. Gilmore, 28 Mo. App. 561.] In the Woodson case, supra, the Supreme Court merely held that in a certain class of cases, like assaults and larceny, our statute makes an indictment for a felony also include a

charge of a misdemeanor, as, for instance, an indictment for felonious assault includes a charge of common assault, a misdemeanor; and an indictment for grand lerceny, a felony, includes a charge of petit lerceny, a misdemeanor. See sections 4903 and 4904, Revised Statutes 1909. In such cases the jury may convict of either grade of the offense, as warranted by the evidence, and the grade of the offense on which the jury does convict determines the jurisdiction of this or the Supreme Court on appeal. [State v. Greenspan, 137 Mo. 149, 38 S. W. 582.] To this extent only the Woodson case, supra, overrules State v. McMahill, 214 Mo. 310, 113 S. W. 1071; State v. Wilson, 230 Mo. 647 132 S. W. 238, and 140 Mo. App. 726, 126 S. W. 996; and State v. McGovern, 159 Mo. App. 134, 139 S. W. 231, in each of which cases the defendant was charged with a felonious assault but convicted of a common assault, a misdemeanor. See on this point State v. Clayton, 100 Mo. 516, 13 S. W. 819, and State ex rel. v. Foster, 187 Mo. 590, 86 S. W. 245. In the present case there is no degree or grade of the offense charged reducing same to a misdemeanor; and the defendant was not convicted of a misdemeanor but of a felony, regardless of the punishment inflicted. The jurisdiction of the appeal is therefore in the Supreme Court and the cause is transferred to such court accordingly. *Robertson, P. J.,* concurs. *Farrington, J.,* concurs.