STATE OF MISSOURI, Respondent, v. MICHAEL GILMORE, Appellant.

Kansas City Court of Appeals, January 11, 1888.

| 28 561 |
| 53 647 |
| 28 561 |
| 117 m 620 |

| 28 561 |
| 141 m 333 |

PRACTICE—CRIMINAL LAW—INDICTMENT UNDER SECTION 1547, REVISED STATUTES—WHENCE APPEALABLE UPON CONVICTION.—In the case of an indictment under section 1547, Revised Statutes, as amended by Laws, 1881, page 112, commonly known as the "Johnson Gambling Law," and conviction thereunder, and sentence to imprisonment in the county jail, the conviction is for felony, under section 1676, Revised Statutes, and this court has no jurisdiction, under section 12, article 6, of the constitution of this state. The appeal, in such a case, is to the Supreme Court, and this cause must be transferred to that court.

APPEAL from Jackson Criminal Court, HON. HENRY P. WHITE, Judge.

*Transferred to Supreme Court.*

The case is stated in the opinion.

ELLISON, J.—Defendant was indicted at the November term, 1886, of the Jackson criminal court, under section 1547, Revised Statutes, as amended by Acts, 1881, page 112, commonly known as the "Johnson Gambling Law." He was convicted and his punishment assessed at six months in the county jail, from which he appeals to this court. It is declared by the section referred to, that whoever shall "be convicted of any of the offences therein named, shall be adjudged guilty of a felony, and shall be punished by imprisonment in the penitentiary for a term not less than two nor more than five years; or by imprisonment in the county jail for a term not less than six nor more than twelve months." Our statutory definition of a felony is "any offence for which the offender, on con-

viction, shall be *liable* by law, to be punished with death or imprisonment in the penitentiary." Rev. Stat., sec. 1676. A misdemeanor by the same statute (sec. 1678) includes offences "punishable *only* by fine or imprisonment in the county jail, or both." From these sections, 1676 and 1678, it is evident that the defendant has been convicted of a felony, for the reason that the offence was one for which he was "liable" to be punished by imprisonment in the penitentiary. The fact that he was, in this case, actually punished by imprisonment in the county jail does not alter the matter; he was liable to a punishment of imprisonment in the penitentiary, and the punishment prescribed for his offence was not fine or imprisonment in the county jail "only." But aside from these sections, the statute defining the offence declares its commission to be a felony without regard to the punishment which may be inflicted.

There is no doubt of the want of jurisdiction in this court, under section 12, article 6, of the constitution, and we, therefore, order the cause transferred to the Supreme Court of the state.