STATE OF MISSOURI, Respondent, v. HENRY MELTON, Appellant.

### St. Louis Court of Appeals, April 18, 1893.

Jurisdiction of Appeals: CASES OF FELONY. An offense is a felony when it may be punished by confinement in the penitentiary. *Held*, accordingly, that the supreme court had jurisdiction of an appeal by the defendant from a conviction, assessing his punishment at imprisonment in the county jail, for an offense for which either that punishment or imprisonment in the penitentiary was authorized.

*Appeal from the Newton Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

TRANSFERRED TO THE SUPREME COURT.

*James H. Pratt* and *James W. Brunk*, for appellant.

*John T. Sturgis*, Prosecuting Attorney, for respondent.

BOND, J.—The appellant was tried and convicted for an assault with intent to commit rape, and his punishment assessed at six months imprisonment in the county jail. The indictment was framed under section 3490, Revised Statutes, 1889, and the second count on which appellant was convicted was as follows, to-wit:

"And the grand jurors aforesaid on their oath aforesaid do further present and charge, that, on or about the twentieth day of June, 1891, at the county of Newton and state of Missouri, one Henry Melton in and upon one Alice Ritter did unlawfully and feloniously make an assault, with intent her, the said Alice Ritter, then and there unlawfully, forcibly and against her will feloniously to ravish and carnally know, against the peace and dignity of the state."

Section 12, article 6, of the Constitution of 1875, and section 5 of amendment adopted November, 1884, excludes from the jurisdiction of this court "all cases of felony." That the crime charged under the indictment herein was a felony is evident from the language of the statute (sec. 3490), where it is provided that the punishment shall be "by imprisonment in the penitentiary not exceeding five years, or in the county jail not less than six months, or by both a fine not less than $100 and imprisonment in the county jail not less than three months, or by a fine not less than $100."

The fact that a lesser punishment than imprisonment in the penitentiary was affixed in this case does not change the grade of the offense. The rule in this state is that an offense is a felony which *may* be punished by confinement in the penitentiary, not which *must* be so punished. *State v. Deffenbacher*, 51 Mo. 26; *State v. Green*, 66 Mo. 631; *State v. Clayton*, 100 Mo. 516; *State v. Gilmore*, 28 Mo. App. 561.

As this is a case of felony, this court has no jurisdiction of this appeal, and the cause is hereby ordered transferred to the supreme court. All the judges concur.