State v. Maupin.

THE STATE OF MISSOURI, Respondent, v. LUTHER MAUPIN, Appellant.

### Kansas City Court of Appeals, May 3, 1897.

1. **Criminal Law**: INFORMATION: GAMING. Under section 3825, Revised Statutes, 1889, the state need not allege or prove that cards and dice specifically mentioned therein are a device which may be adapted to or used in the playing of a game of chance, and an indictment set out in the opinion is *held* sufficient.

2. **Criminal Procedure**: JUSTICES' COURTS: INFORMATION: AFFIDAVIT. An information filed by the prosecuting attorney in the justice's court need not be accompanied by the affidavit of himself or another person.

3. _____: FORMER CONVICTION: EVIDENCE: INSTRUCTION. While in this case the defendant showed former convictions of like offenses in two other instances, and it appears from the record that said acts were not the same as the one in the indictment, he can not complain that the jury, on an instruction submitting the matter to them, found against him, though the court would have been justified in taking that question from the jury.

*Appeal from the Boone Circuit Court.*—HON. J. A. HOCKADAY, Judge.

AFFIRMED.

*Webster Gordon* for appellant.

(1) The information is invalid for the reason that it is not accompanied by an affidavit filed with the justice or lodged with the prosecuting attorney, nor does it show upon its face that it is based upon the knowledge, information, and belief of the prosecuting attorney, as required by law. *State v. White*, 55 Mo. App. 356; *State v. Shaw*, 26 Mo. App. 383. (2) The information in this case is fatally defective in failing to charge any offense under the law. The offense created

by section 3809, Revised Statutes 1889, as amended by the Session Acts of 1893, page 146, is the betting of money or property upon a game of chance played by means of a gambling device, adapted, devised, and designed for the purpose of playing games of chance for money and property. *State v. Bryant*, 90 Mo. 534; *State v. Lemon*, 46 Mo. 375; *State v. Torphy*, 66 Mo. App. 434; *State v. Haden*, 31 Mo. 35; *State v. Flack*, 24 Mo. 378; *State v. Gilmore*, 98 Mo. 206; *State v. Bates*, 10 Mo. 166. (3) The information in the case is equally bad under section 3825, Revised Statutes 1889, as amended by the Session Acts of 1893, page 147. The offense created by the statutes as amended is certainly the same as the offense created by section 3809, as amended by the Acts of 1893, page 146, and if applicable at all to the playing of poker and other kindred games played with common playing cards, of which I have serious doubts, then the necessary allegations to charge the offense under either statute are the same, and if that be true, then the information is fatally defective and will not support a conviction, and the motion in arrest ought to have been sustained. *State v. Lemon*, 46 Mo. 375; *State v. Torphy*, 66 Mo. App. 434; *State v. Gilmore*, 98 Mo. 206; *State v. Flack*, 24 Mo. 378; *State v. Bryant*, 90 Mo. 534; *State v. Hayden*, 31 Mo. 35. (4) If this court should hold that the information follows the language of the first clause of the statute, which is probably true, it is still not good under that statute, because the statute nowhere describes, specifies, or individuates the game of poker as the offense created by it. Under that old familiar rule of criminal pleading, which is well settled law in this state, as well as in other jurisdictions, when a statute does not describe, specify, or individuate the offense created by it, an information or indictment found thereunder, which charges the offense in statu-

tory words, only, is insufficient. *State v. Saymen*, 61 Mo. App. 244; *State v. Terry*, 109 Mo. 615; *State v. Haley*, 52 Mo. App. 520; *State v. Crocker*, 95 Mo. 389; *State v. Murphy*, 49 Mo. App. 270; *Torney v. State*, 13 Mo. 456; 8 Am. and Eng. Ency. of Law, p. 1042; *Strawhem v. State*, 37 Miss. 422. In order to violate the statute the person must bet money or its equivalent, or property, upon a game of chance played by means of a gambling device adapted, devised, and designed for the purpose of playing games of chance for money and property. *State v. Bryant*, 90 Mo. 534; *State v. Lemon*, 46 Mo. 375; *State v. Hayden*, 31 Mo. 35. (5) The information is fatally defective in failing to state with whom the defendant played at a game of poker for · money, or with whom the defendant bet or wagered money or property upon a game of poker, or else that the name of the person or persons are unknown, as required by law. *State v. Townsend*, 50 Mo. App. 690; *Jester v. State*, 14 Ark. 552; 1 Chitty on Criminal Law, sec. 211. (6) The record of a conviction of one of the same name raises a presumption of identity, and, where the offense proved on the former trial corresponds with that alleged in the complaint, the presumption is that they are one and the same; and appellant was entitled to have the jury instructed upon that presumption in his favor. *State v. Kelsoe*, 76 Mo. 505; s. c., 11 Mo. App. 91; 3 Rice's Criminal Evidence, p. 615, sec. 382; *Campbell v. State*, 109 Ill. 565; *Walter v. State*, 105 Ind. 589; *Huesley v. State*, 107 Ind. 587.

*J. H. Murry* for respondent.

(1) The information in this case is sufficient; it follows the language of the statute, and contains all the essential averments to notify the accused of the nature and cause of the accusation. It was based on

the knowledge of the prosecuting attorney, signed and verified by him acting under his official oath. An information filed before a justice of the peace by a prosecuting attorney need not, under the constitution, be on his personal knowledge, nor verified by his oath, and the statute can not hamper that officer in his duties by the requirement of such verification, as in presenting it he acts officially under his oath. Even if it were not verified by the prosecuting attorney it would still be good under recent decisions of this court. *State v. Ransberger*, 42 Mo. App. 466; s. c., 106 Mo. 135; *State v. McCarver*, 47 Mo. App. 650; *State v. Hart*, 47 Mo. App. 653, and cases cited. (2) The information is as specific as it could have been made under the statute, section 3825, Revised Statutes 1889. It charges defendant with playing at a game of chance called poker, with cards, for money and property. This is sufficiently definite to apprise the defendant of the charge which he is called upon to meet. It is sufficient if the information follows the language of the statute. *State v. Haley*, 52 Mo. App. 520; *State v. Murphy*, 49 Mo. App. 270; *State v. Adams*, 108 Mo. 208; *State v. Smith*, 24 Mo. App. 413. (3) The question of former conviction raised by appellant's counsel, is not well taken. The record in this case shows that defendant played poker for money in Boone county, in the fall and winter of 1894, with five different persons, at different times, and at different places, in the Statesman building and at a barn, while the police court record shows that he was convicted of gaming but twice. Gaming might mean dice, poker, craps, or some other game of chance. But, however that may be, that question was fully and fairly presented to the jury in appropriate instructions. To sustain a plea of former conviction the burden of proof is upon the defendant to show that the offense charged is the same as that of which he was formerly convicted.

His inability to do this was his own fault. It lay in his having offended so often that he could not identify and prove each offense. *State v. Small*, 31 Mo. 197; *State v. Andrews*, 27 Mo. 267; *State v. Heath*, 8 Mo. App. 99; 1 Bishop, Crim. Prac. 816.

ELLISON, J.—The defendant was convicted on an information by the prosecuting attorney filed with a justice of the peace, for playing cards for money. The information is based on section 3825, Revised Statutes, 1889, and is in the following words:

STATEMENT.

"State of Missouri, against Luther Maupin. Before J. C. Gillespy, justice of the peace for Boone county, state aforesaid.

"J. L. Stephens, prosecuting attorney within and for the county of Boone, in the state of Missouri, informs the court that Luther Maupin, on the —————— day of December, 1894, at the said county of Boone, did then and there unlawfully play at a game of chance, commonly called poker, for money, with a gambling device, to wit, with a pack of cards used and adapted for the purpose of playing games of chance for money and property, against the peace and dignity of the state.

"J. L. STEPHENS,

"Prosecuting Attorney."

The section of the statute aforesaid reads as follows: "If any person shall play at any game whatsoever for money, property or gain with cards, dice or any other device, which may be adapted to or used in playing any game of chance, or in which chance is a material element, or shall bet or wager on the hands or cards or sides of such as do play as aforesaid, every such person shall be deemed guilty of a misdemeanor."

In our opinion the information was properly sustained by the trial court. It clearly and distinctly

CRIMINAL law:
information:
gaming.

charges an offense under the statute quoted. The statute itself says that if a person plays at any game with cards, for money, he is guilty of a misdemeanor. If the instrument used for play had been some "other device," it may be it should have been alleged that such device was adapted to or used in playing games of chance, or in which chance was at least a material element. But cards and dice are singled out by the statute, wherein it is declared that if one plays any game whatsoever with cards or dice for money he shall be punished. The state need not allege or prove that cards and dice thus specifically mentioned are a device which may be adapted to or used in playing a game of chance.

II. The information, being filed by the prosecuting attorney, it was not necessary that it should be accompanied by the affidavit of himself, or any other person. *State v. Ransberger*, 42 Mo. App. 466; *State v. McCarver*, 47 Mo. App. 650.

CRIMINAL proced-
ure: justices'
courts: informa-
tion: affidavit.

III. There was a plea of former conviction in the recorder's court of the city of Columbia. The record of that court was introduced and showed that defendant on November 5, 1894, pleaded guilty to gaming on September 8, 1894. At another time he pleaded guilty to the same charge, but of different date within the year 1894. But it was nowhere shown that these offenses were the same as that charged in the present information. The court submitted that question to the jury, but it would have been justified in refusing to do so, since it clearly appears from the record that the acts to which he pleaded guilty and of which he was convicted in this case were not the same.

———: former con-
viction: evi-
dence: instruc-
tion.

The defendant had a fair trial and we do not feel authorized to interfere. The judgment is affirmed. All concur.