THE STATE v. DALE, *Appellant.*

Division Two, November 9, 1897.

1. **Larceny**: VARIANCE IN PROOF FROM ALLEGATION. The indictment charged the theft of "Old Virginia Natural Leaf" tobacco, and the evidence showéd that the tobacco stolen was "Letgo" and "Green's Virginia Leaf." *Held,* that the variance between the allegations and proof would amount to nothing under section 4114, Revised Statutes 1889, unless the trial court had found that such variance was material to the merits of the case and prejudicial to the defense of the defendant.

2. **Burglary**: RECENT POSSESSION OF STOLEN GOODS: PRESUMPTIONS OF GUILT. The recent possession of the goods stolen at the time the burglary was committed, unless rebutted or countervailed in some way, is presumptive evidence of the commission of burglary, just as in cases of larceny.

3. ———: OWNERSHIP OF STOLEN GOODS. Although the prosecuting witness will not swear that the goods, which were found in the possession of the defendant soon after the burglary was committed, are his, yet the evidence is sufficient to go to the jury if he will swear they resemble his.

4. **Burglary**: NAMING BUILDING. In an indictment for burglary the indictment must give the name of the building burglarized. In the case of statutory burglary, the indictment must employ the words used in the statute, such as "shop," "store," "tent," etc.; and if to such place the statute adds a descriptive phrase, it must be covered by allegation.

5. ———: TWO CLAUSES IN STATUTE: BAR. If the statute, under which the indictment is drawn, has two separate clauses, it must clearly appear from the bill under which clause the defendant is prosecuted, in order that a conviction may be a bar to a subsequent trial.

*Appeal from Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*John T. Harding* for appellant.

(1) Crime may be established by circumstantial evidence, but the trial court should see to it that such

evidence is cogent and convincing, and excludes all other reasonable hypotheses. Mere suspicion, however strong, will not supply the place of evidence when life or liberty is at stake. *State v. Jones,* 106 Mo. 313. (2) The case should not have been submitted to the jury, and having been submitted they returned a verdict contrary to the evidence. To warrant such a verdict, the possession must have been recent, exclusive and unexplained. *State v. Castor,* 93 Mo. 242; *State v. Scott,* 109 Mo. 226. (3) Goods found in the possession of defendant a year or more after the burglary is not recent possession in the meaning of the law. Recent possession is a question for the court and should not have been submitted to the jury, and certainly not without the proper instructions on that point. *State v. Castor,* 93 Mo. 242. (4) Nor was the possession exclusive or unexplained. The evidence showed his possession to be second hand. The State also showed that defendant, after he had sold the tobacco, upon learning that he was accused, went to the officers of the law and acquainted them with the whole transaction. (5) The naked fact of possession of goods of a similar brand to that stolen, unattended by any other fact or circumstance, will not warrant a conviction, and especially is this true of goods of this character. (6) There was a variance between the evidence and the indictment. The latter charges that "Old Virginia Weed Natural Leaf" was stolen. The evidence shows that the nearest approach of this brand was "Green's Virginia Leaf."

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) This court will not interfere in a verdict and judgment because of insufficiency of the testimony, except where there is an absolute or total failure of

proof. *State v. Bryant*, 134 Mo. 246; *State v. Young*, 119 Mo. 495. (2) The indictment is in the usual form and sufficiently charged the feloniously breaking and entering, and the felonious intent with which the breaking and entering was done, and accurately charged a substantive felony after the breaking and entering. This was sufficient. *State v. Taylor*, 136 Mo. 66. (3) The indictment sufficiently described the building. *State v. Tyrrell*, 98 Mo. 356; *State v. Taylor*, 136 Mo. 66; *State v. South*, 136 Mo. 676; Bishop on Stat. Crimes, secs. 294, 295; 2 Bish. Crim. Proc., sec. 136; *Johnson v. The State*, 19 Ala. 527; *State v. Shields*, 89 Mo. 259. (4) The evidence in this case does not show that the possession of property which had recently been stolen was acquired second hand by defendant. (5) Recent possession of stolen property is presumptive evidence of guilt, and this applies to burglary as well as to larceny. *State v. Moore*, 117 Mo. 395; *State v. Blue*, 136 Mo. 41. (6) The slight variance between the testimony as to the names of the particular brands of tobacco and the allegations of the indictment is not material, and is fully cured by the statutes. R. S. 1889, sec. 4114; *State v. Riley*, 100 Mo. 493.

SHERWOOD, J.—The defendant (a negro) under an indictment for burglary and larceny, was convicted of the former offense in the second degree, his punishment assessed at three years in the penitentiary, and he appeals to this court.

The indictment charges: "That Bud Dale on or about the twenty-seventh day of March, A. D. 1895, at the county of Vernon and State of Missouri, did then and there feloniously and burglariously break into and enter a certain building of A. E. Forderhase by then and there forcibly breaking the glass, and spreading the iron bars apart at the back of the window of said

building there situate, in which divers goods and other valuable things were then and there kept for sale and deposited, with intent the goods, chattels, wares, merchandise and other valuable things in said building then and there being, then and there feloniously and burglariously to steal, take and carry away, and fourteen plugs of Old Virginia Weed natural leaf tobacco of the value of one dollar and forty cents of the personal property, goods and chattels of the said A. E. Forderhase, then and there in said building being found, did then and there feloniously and burglariously steal, take, and carry away, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Missouri.''

Section 3526, Revised Statutes 1889, the one upon which the indictment is intended to be drawn, is as follows:     ''Every person who shall be convicted of breaking and entering: *First*, any building within the curtilage of a dwelling house, but not forming a part thereof; or, *second*, any shop, store, booth, tent, warehouse or other building, or any boat or vessel, or any railroad car in which there shall be at the time some human being, or any goods, wares, merchandise or other valuable thing kept or deposited, with intent to steal or commit any felony therein, shall, on conviction, be adjudged guilty of burglary in the second degree.''

1.    The testimony shows that the tobacco stolen was ''*Letgo*,'' and ''*Green's Virginia Leaf*,'' while the indictment charges the tobacco stolen to have been ''*Old Virginia Weed Natural Leaf*.''

This discrepancy between allegation and evidence is immaterial for the following reasons:

In the first place defendant was not found guilty of larceny.

In the second place, even if defendant had been

found guilty also of larceny, the difference between the *allegata* and the *probata* would amount to nothing under our statute (section 4114, R. S. 1889) unless the court before which the trial was had had found that such variance was material to the merits of the case and prejudicial to the defense of the defendant. *State v. Barker*, 64 Mo. 282; *State v. Wammack*, 70 Mo. 410; *State v. Sharp*, 71 Mo. 218.

2. The indictment was found at the April term, 1895, and charges that on or about the twenty-seventh of March, 1895, the burglary and larceny were perpetrated, and the evidence shows this allegation as to date was correct. In the month of March, 1895, after the burglary had occurred and after the occurrence had become public, defendant, with some of the same kinds of tobacco that Forderhase had in his store, came to Joe Manon in his father's store, and whispering to Manon, wanted to sell him some of the tobacco, a bundle of which he had in his pocket, saying he was selling it for a white man in the alley, and that all he would get out of the sale would be a drink. He finally sold several plugs to Thomas for sixty cents. Other testimony of like sort was sufficient to warrant the verdict found by the jury.

And the recent possession of the fruits of a burglary, unless countervailed or rebutted in some way, is presumptive evidence of the commission of that crime, just as in cases of larceny. *State v. Babb*, 76 Mo. 501. And although the prosecuting witness will not swear that the goods are his, yet it is sufficient to go to the jury if he swears they resemble his. *Ib.* The facts of this case then are sufficient to support the verdict returned by the jury.

3. But notwithstanding the foregoing views, the sufficiency of the indictment remains to be considered. It will be observed that the indictment gives *no name*

to the building.  If it was necessary to prove the kind of building it was, then by the same token it was necessary to allege it.  Every fact and modification of a fact which is legally essential to a *prima facie* case of guilt, must be stated.  In order that a party accused may know what a thing is, it must be charged expressly, and nothing left to intendment.  All that is to be proved must be alleged.  1 Bish. New Crim. Proc., secs. 81, 519.

And the law proceeding in that beneficent spirit which presumes innocence until guilt be established, will presume that what the indictment does not charge does not exist.  *State v. Barbee*, 136 Mo. 440, and cases cited.

The section of the statute in question contains two clauses.  Under the first the indictment must charge that the building is "within the curtilage of a dwelling house, but not forming a part thereof."

Within the second clause, the indictment must charge that the building is a shop, store, tent, etc., giving its correct designation, because in a case of statutory breaking, the indictment must employ the statutory word as shop, store, office, etc.  And if to such place the statute adds a descriptive phrase, it must be covered by allegation.  2 Bish. New. Crim. Proc., sec. 136; *Com v. Tuck*, 20 Pick. 356.

The indictment before us is bad, therefore, under either clause of the section upon which it is based. *State v. South*, 136 Mo. 673; *State v. Schuchmann*, 133 Mo. 111.

And it affords no intimation under which clause of that section he will be prosecuted, nor will the judgment rendered afford defendant any protection against further prosecution.  The point of the insufficiency of the indictment has not been raised by defendant's counsel, but discharging our duty of examining the

record, we could not omit to discuss such obvious insufficiency as the indictment presents.

Because of this defect, the judgment must be reversed and the cause remanded.    All concur.