Hill, C. J.
Six men were jointly indicted in the superior court <of Wilkes county, for the offense of gaming. They were tried together and were all convicted, and their motions for new trial were ■overruled. The grounds of the motion in each ease were similar, ■and were the statutory grounds and one special ground, — the refusal of the court to charge the jury as follows: “The mere fact that a piece of money was on the table when a game of cards was being played, without some evidence to show that it was being bet ■or staked on the game, will not authorize a conviction.”
According to the testimony of an officer of the law, he saw all six of these defendants in the back end of Abe Williams’ place of business. The defendants were sitting “around a box or something like a trunk,” and each was playing with cards, and money was on top of the box or trunk, partly covered up with a piece of paper. The players were so busily engaged in the game that they did not see the witness until he put his hand on one of the players. This player immediately arose and grappled with the officer, and all the ■others ran out of the room, in their hasty exit throwing the box, the cards, and the money on the floor. The money was silver money, but the witness could not tell how much there was; but there were several stacks or piles. We think the verdict of the jury was au *624 thorized by the foregoing evidence. I-Hicks v. State, 1 Ga. App., 722 (57 S. E. 958); Pacetti v. State, 82 Ga. 297 (7 S. E. 867). The strong inference of guilt arising therefrom was not weakened by the testimony of each one of the defendants in behalf of the' others, that they were playing, hut were not betting for money or other thing of value. Such denial is not unusual in criminal cases, but is very frequently the protest of the guilty even when caught in the act. Nor do we think the fact that certain reputable citizens bore testimony to the good character of the defendants was sufficient to generate any doubt, as against the positive facts clearly indicating guilt. There are a great many excellent people who-probably would not permit their good opinion of a man to be affected by the fact that he played cards for money or other thing-of value. Many good men classify gaming as malum prohibitum,, with no element of malum in se.
The request to charge stated a truism so manifest and simple that it might reasonably and safely have been left to the ordinary intelligence of the jury without any instruction; but the request itself was fully covered by the general charge, and especially that part in the following language: “I charge you, as requested by defendants’ counsel, there is no law in this State which forbids the playing of cards. It is necessarjq for it to be a crime, for money or other thing of value to be staked on the game. Before you can convict the defendants, it must appear that they played for something of value.” Judgment affirmed.