State v. Souva.

## THE STATE v. FRANK SOUVA.

Division Two, May 23, 1911.

1. **GAMBLING DEVICE: Sufficiency of Evidence.** Gambling is usually carried on behind locked doors or under some kind of a mask, in order to make detection difficult. Hence, courts are not disposed to disturb verdicts of guilty in cases of setting up and keeping gambling devices and permitting parties to bet thereon, if they are supported by substantial evidence, although such evidence may be wholly circumstantial. In this case the evidence of defendant's guilt, though not overwhelming, was sufficient to carry the case to the jury.

2. ————: **Presumption from Prior Conduct.** Testimony that defendant "used to run seven-up tables all the time" in the gambling room in which he is charged with having set up and kept a poker table, raises a presumption that he still had charge of the place.

3. **REMARKS OF ATTORNEY: No Exception.** The neglect of defendant's attorney to except to the failure of the trial court to comply with his request to reprimand the prosecuting attorney for improper remarks forestalls a review of the court's action in that respect.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

AFFIRMED.

*A. F. Gonder* and *Walden & Andrews* for appellant.

(1) The court erred in refusing to give the instruction asked by defendant in the nature of a demurrer at the close of the State's case. To establish its case, the State offered the testimony of Bond, Hammond and Henderson, who were present at the time of the defendant's arrest. Each witness testified that there was no game of any kind being played upon the table; that they were not induced, enticed or permitted to play upon said table by the defendant; and that they did not know that he was present at the time they entered the place alleged to have been kept by the defendant. The evidence wholly failed to show that the defendant was the keeper of the said table or gaming device. (2) The court erred in not reprimanding the prosecuting attorney for referring to the fact that the grand jury had passed on the case and had found the defendant guilty, and other remarks with reference to the actions of the grand jury and its foreman. Under the statute (Sec. 5283, R. S. 1909) reference to verdict on former trial is prohibited. State v. Leabo, 89 Mo. 247. And much more should the reason of this statute apply where reference is made to the action of the grand jury in which the defendant had no opportunity to be heard. The court should have reprimanded the attorney, and, failing to do so, should have granted a new trial. Prosecuting officers, even in the heat of debate, ought not to forget that they owe a duty to the defendant as well as to the State; to the State to fairly prosecute and endeavor to secure conviction by all proper and legitimate methods, to the defendant to refrain from doing and say-

ing aught that the highest sense of professional honor will not sanction. State v. Pagels, 92 Mo. 300; State v. Pushon, 33 Mo. 44. If the prosecuting attorney is permitted by the trial court, in spite of the objections from the defendant, to address improper remarks to the jury, the Supreme Court will reverse the judgment. State v. Johnson, 76 Mo. 121.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1) The prosecuting attorney, in arguing the case, said to the jury: "I want to say to you that if you believe in strengthening and holding up the strong arm of the grand jury in Jasper county, you will return a verdict of guilty." Appellant objected to the statement, "upholding the hands of the grand jury." The court sustained the objection, but did not reprimand the prosecuting attorney. The prosecuting attorney desired the record to show that the remark was provoked by repeated references on the part of counsel for defendant that defendant was not getting a square deal, whereupon, appellant's counsel said, "The charge that he did not get a square deal was toward the prosecuting attorney's office and not to the grand jury." It will thus be seen that the prosecuting attorney was simply answering the argument of appellant's counsel before the jury. The court sustained the objection, no harm was done appellant, and the case should not be reversed for this remark. State v. Allen, 174 Mo. 698; State v. Hyland, 144 Mo. 313; State v. Summer, 143 Mo. 234; State v. Barrington, 198 Mo. 92; State v. Sublett, 191 Mo. 174. (2) The appellant was legally convicted of the offense charged. He introduced no evidence to explain away the damaging facts and circumstances shown by the State's evidence, and it may be conceded that no mistake was made by appellant's counsel in going to the jury upon the State's evidence,

as the jury were liberal with appellant in assessing his punishment.

BROWN, J.—Defendant was indicted and convicted of the crime of feloniously setting up and keeping a poker table in the basement of a saloon in the city of Joplin, Missouri, and permitting parties to bet and play upon said gaming table. From a judgment of the circuit court of Jasper county fixing his punishment at a jail sentence of six months, he appeals.

The evidence shows that the constable of Galena township in Jasper county, upon going to the basement nuder a saloon on Sixth street in the city of Joplin, found the door of said basement locked; but gained admittance by knocking. Entering this basement, he found the defendant and two other persons seated at a table. In front of defendant were some playing cards, a large stack of poker checks and about thirty dollars in silver coins. Five cards had been dealt out to and were lying in front of each party sitting at the table, and there were also poker checks on the table in front of each of said parties. The constable arrested the defendant, took into his possession all the cards, poker checks and money found on the table; and up to the date of the trial, some ten months later, no one had claimed same.

Defendant did not go upon the stand, and offered no evidence in his behalf.

The State called as witnesses the parties who were found sitting at the table with defendant in the aforesaid basement; and each of them testified that on the night of the constable's-raid they had not played any game, but were merely sitting around the table talking and shuffling the cards and poker checks; that the game of poker was usually played with five or three cards for each player. One of these parties found at the table with defendant, testified that he went into the basement because he saw a light down there, and

that defendant "used to run seven-up tables down there all the time."

1.   Defendant contends that the foregoing evidence was not sufficient to warrant the court in submitting the case to the jury.

2.   Defendant also asks a reversal of the judgment because of alleged improper remarks by the prosecuting attorney in his address to the jury, which remarks will be noted in our opinion.

## OPINION.

It is true that the foregoing evidence is rather meagre, particularly as to defendant having set up and kept a poker table; yet the evidence of one of the witnesses that defendant had been running seven-up tables in this basement prior to his arrest raises a presumption that he still had charge of that place. [Zwisler v. Storts, 30 Mo. App. 163; 16 Cyc. 1053.]

The defendant's position at the table indicated that he had charge of most of the poker checks and apparently had sold some of same to the other players. The further fact that up to the time of the trial he had not set up any claim to the money found stacked on the table in front of him, raises a presumption that this money was at the time of defendant's arrest being used by him for the unlawful purpose of gambling. We think the foregoing evidence made out a prima facie case for the State.   [Butler v. State, 2 Ga. App. 623.]

Gambling, like the illegal traffic in intoxicating liquors, is usually carried on behind locked doors, or under some kind of mask, in order to make detection difficult; so that courts are not disposed to disturb verdicts of this character if supported by substantial evidence, although such evidence be wholly circumstantial in its nature.   [City of St. Louis v. Sullivan, 8 Mo. App. 455; Harmon v. State, 120 Ga. 197; State v. Boyer, 79 Ia. 330; Underhill on Crim. Evidence (2 Ed.), sec. 473.]

· The evidence of defendant's guilt was not of an overwhelming character, but we find it was sufficient to carry the case to the jury; and we will not overturn its verdict.

In the course of his remarks to the jury, the prosecuting attorney said, "If you believe in strengthening and holding up the strong arm of the grand jury in Jasper county, you will return a verdict of guilty, guilty, guilty!"

Defendant objected to "the statement of the prosecuting attorney about upholding the hands of the grand jury," and asked that he be reprimanded in the presence of the jury. The court sustained the objection, but did not reprimand the prosecuting attorney. Defendant saved no exception to the failure of the court to reprimand the prosecuting attorney.

The defendant having failed to except to the court's failure to administer a more pointed rebuke to the transgressing prosecuting attorney, we do not deem it our duty to reverse the judgment on account of his improper reference to the indictment as evidence of defendant's guilt. To bring such errors before us for review, they should be excepted to at the time. [State v. McMullin, 170 Mo. l. c. 632; State v. Phillips, 233 Mo. 299.]

Finding no reversible error in the record of the trial court, its judgment is affirmed. *Kennish, P. J.,* and *Ferriss, J.,* concur.