54

STATE of Missouri, Respondent,

v.

Mitchell ZAMMAR, Appellant.

No. 22254.

Kansas City Court of Appeals.

Missouri.

Jan. 9, 1956.

Blackford & Compton, J. William Blackford, Charles N. Compton, Kansas City, for appellant.

Stephen R. Pratt, Liberty, for respondent.

SPERRY, Commissioner.

A jury found defendant guilty of the crime of petit larceny and assessed his punishment at one year in jail and a fine of $1000. He prosecutes this appeal.

Defendant and one Herbert Warner were charged, upon information of the prosecuting attorney of Clay County, with theft of "85 Paper-Mate Ball point pens and 4 jars of Dream Deodorant, of a value in excess of $30, of the goods and chattels of the Katz Drug Company, a corporation." A severance was granted to Warner. The State wholly failed to connect defendant herein with theft or possession of the ball

point pens. The case was, therefore, submitted on petit larceny.

Mr. Jones testified to the following effect: That, on the evening of March 15, 1954, he was manager of the Katz Drug Store, in North Kansas City; that he was on duty in the store when he saw defendant leaning against a table upon which kodaks, ball point pens, and other articles were displayed; that he was talking to Herbert Warner; that defendant went from there and stood near the cosmetic counter; that defendant "took (from the cosmetic counter) four bottles of something which at that time I didn't know what it was" some kind of cosmetics, and put them in his pocket; that he observed defendant until he left the store; that, after he left, 4 bottles of "Cream" deodorant were missing from the counter; that, at the time, he did not know just what defendant took; that the "cosmetic girls" later told him there had been 4 jars of cream deodorant on the counter; that there was a vacant spot there after defendant left the store; that defendant did not pay any person in the store any money.

He stated that 4 cartons of Paper-Mate Ball point pens were also missing that same night, after defendant left; that the pens were valued at more than $30, and that the cream deodorant was worth about $4; that the pens were taken from the counter near which defendant had been standing after he first came into the store, while talking to Warner. Witness was shown 4 jars of cream deodorant, Exhibit 1 and, over objection, was permitted to state that these jars were like those missing from the store after defendant left, that they contained the same thing. The exhibit was not offered or received in evidence at that time.

Deputy Sheriff Dawson testified that he arrested defendant when he left the store; that he followed him into the men's room at police headquarters and found him in possession of, and attempting to conceal or destroy, the 4 jars of cream deodorant later introduced in evidence. He did not find defendant in possession of any ball point pens. He stated that he was watching defendant while he was in the store and that he did not see him take anything; that, later, he found 4 cartons of Paper-Mate Ball point pens in a car near the Katz Store. It was not shown who owned the car or who put the merchandise in it.

The State offered Exhibit 1 in evidence. Defendant objected on the grounds that the information charged theft of 4 jars of "Dream Deodorant," whereas the exhibit consisted of 4 jars of "Revlon Aquamarine Cream Deodorant." Defendant's counsel produced, to the court, a jar of "Dream Deodorant," manufactured by Woodbury, and urged that there was a fatal variance between the allegation in the information, and the proof, that the two articles were not the same. The court permitted the State, over defendant's objection, to amend the information so as to charge theft of 4 jars of "Cream Deodorant." Dawson identified the jars as having been taken from defendant, and the exhibit was then admitted in evidence.

Deputy Sheriff Chinn testified that he entered the store on the evening in question and, with Dawson, watched defendant and Warner while they were in the store; that he saw them together at the kodak and ball point pen counter; that he saw defendant go to the cosmetic counter; that he did not see either of them take anything; that they left the store at about the same time, by different doors; that he followed Warner out and arrested him at once; that Warner did not have any Paper-Mate Ball point pens in his possession when arrested.

Defendant's first complaint is that the court prejudicially erred in permitting the information to be amended. He contends that the amendment violates Section 545.-300 RSMo 1949, V.A.M.S. That section provides that "An information may be amended either as to form or substance at any time before the jury is sworn, but no such amendment shall be allowed as would * * * charge an offense dif-

ferent from that charged * * * in the original information." It has no application unless the amendment herein had the effect of charging an offense not theretofore charged. The offense charged, both before and after the amendment, was grand larceny. The only change made was as to description of some of the articles alleged to have been stolen, to-wit: 4 jars of deodorant. Defendant urges that, by the amendment, the original offense charged was changed to another. We have not the benefit of a brief by counsel for the State.

This court held, in State v. Boggs, Mo. App., 49 S.W.2d 269, 270, that an information could not be amended so as to charge possession of "corn whiskey" instead of, as was originally charged, "moonshine." It was held that the two charges constituted separate offenses.

We held, in State v. Stewart, 228 Mo. App. 187, 63 S.W.2d 210, 213, that "where a person or thing, necessary to be charged in the information, is described with particularity and minuteness, although not necessary to be so done, it becomes necessary to prove the description as alleged; and any material variance is fatal." That declaration was approved in State v. Hyman, Mo.App., 230 S.W.2d 504, 510. In the Stewart case the charge was one of playing a card game, known as "rummy," for money. The proof showed defendant was playing at cards for money but did not show that the game being played was "rummy," or that there is such a game. We held that if, in the judgment of the court, the variation was slight or immaterial, it would have been of no consequence, because of the provisions of what is now Section 546.080 RSMo 1949, V.A.M.S. But we held the proof established something not charged.

■ Section 545.290 provides that an information may be amended, as to form or substance, at any time before trial and during trial as to matters of *form* and *variance* when the same can be done without prejudice to the rights of defendant. Form

and variance as therein used, means the same thing. State v. Sturrs, Mo., 51 S.W.2d 45, 46.

Section 546.080 RSMo 1949, V.A.M.S., provides that "Whenever on the trial of any felony or misdemeanor, there shall appear to be any variance between the statement in the indictment or information and the evidence offered in proof thereof, * * *or in the name or description* of any matter or thing whatsoever therein named or described * * * such variance shall not be deemed grounds for an acquittal * * * unless the court * * * shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant." (Emphasis supplied.)

In State v. Sturrs, supra, it was alleged that one Lum Bong was the owner of a restaurant and was robbed of certain property. The evidence disclosed that Sit Yen owned the restaurant and that it was his property that was taken. The State was permitted to amend to conform to the proof, and the Supreme Court approved, citing the above section of the statute.

In State v. Heinze, 45 Mo.App. 403, 412, it was charged that "lager beer" was sold and the proof showed "beer" was sold. It was held that such a variance is immaterial unless the trial court "shall find such variance is material to the merits of the case or prejudicial to the defense of defendant"; that "this statute precludes examination into the question by us"; and that the action of the trial court is conclusive.

In State v. Ballard, 104 Mo. 634, 636, 16 S.W. 525, the court pointed out the effect the enactment of Section 1820, R.S.Mo. 1879, Section 546.080, supra, has on the common law, relative to variances between allegations and proof.

In State v. Crow, 107 Mo. 341, 17 S.W. 745, defendant was charged with theft of a heifer and the proof was that it was a cow. The trial court held that the variance was not material and that action was sustained on appeal. See State v. Dale, 141 Mo. 284,

287, 42 S.W. 722; State v. Luna, Mo.App., 257 S.W. 161; State v. Kelley, Mo., 106 S.W.2d 486, 489.

■ The decisions do not seem to be strictly harmonious on this point. However, we think the facts of this case bring it within the provisions of the statute, and that the variance between the charge and the proof does not justify reversal, especially since the trial court did not consider that the defendant was prejudiced.

■ Defendant contends that the State's evidence was so conflicting as to be of no probative value and raises a reasonable doubt of guilt, as a matter of law. We will not pass on the weight of the evidence. State v. Brunjes, Mo.App., 187 S.W.2d 473, 474. The testimony, as a whole, might well have been more explicit than it was, as to the identity of the articles taken. However, Jones said that he saw defendant take some merchandise and put it into his overcoat pocket. He knew that cosmetics were displayed on that counter; he knew that "some were there," evidently meaning some jars of cosmetics; that they were gone after defendant moved on; and that those introduced into evidence were identical with those kept in the store; that "they only put it out in one type of jar." Under all of the evidence we think it was for the jury to say whether or not the merchandise charged to have been taken was sufficiently identified as that found in defendant's possession.

■ Defendant contends that it was error not to have given a circumstantial evidence instruction. That contention should be denied. The State's case rests almost entirely on the direct testimony of Mr. Jones. What was said in State v. Burns, Mo., 268 S.W. 79, 81, is not in point here.

■ Defendant also urges that no corpus delicti was proven. Jones said that he saw defendant take merchandise and put it into his pocket; that he left the store without paying for it, or offering to pay for it. From what we have heretofore said the point must be ruled against defendant. The evidence was sufficient for the jury to find that a crime was committed and that defendant was the offending party. See State v. Hawkins, Mo., 165 S.W.2d 644.

■ It is contended that reversible error was committed in that the State failed to prove that Katz Drug Company, Inc., as charged, was the owner of the property taken. It is argued that the evidence was to the effect that the deodorant was the property of the Katz Drug *Store*, hence, that it was not the property of Katz Drug Company, Inc. However, Jones stated that Katz Drug Company is a corporation, and that all merchandise in the store belongs to Katz Drug Company, and is "charged" to the North Kansas City Katz Store, from which the property was taken; but the evidence is not as clear as it could have been.

■ It is contended that Instruction 3, the State's main instruction (defendant submitted no instruction) is reversibly erroneous. That is true. It authorized the jury to assess a fine of $1,000, or imprisonment for a year in jail, or both such fine and imprisonment, if defendant should be found guilty. Section 560.240 RSMo 1949, V.A.M.S., defines the crime of petit larceny and prescribes the penalty. The penalty is "imprisonment in the county jail not exceeding one year, or by fine not exceeding *one hundred* dollars, or by both such fine and imprisonment." (Emphasis supplied.) The statute was amended in 1955, see V.A.M.S. § 560.161, Laws, 68 General Assembly, as to the amount of the fine, making it $1,000; but that was not the law when the alleged crime was committed, nor when it was tried and submitted, in September, 1954. The law was then as provided in Section 560.240 RSMo 1949, V.A.M.S., supra.

On the whole record, particularly in view of the error in the main instruction, the interests of justice require that the judgment be reversed and the cause remanded for a new trial.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

The judgment is reversed and the cause remanded for a new trial.

All concur.