**STATE of Missouri, Respondent,**

v.

**Pete DIKOS, Appellant.**

**No. 45238.**

Supreme Court of Missouri.

Division No. 2.

Oct. 8, 1956.

Shaw & Smith, Clayton, for appellant.

John M. Dalton, Atty. Gen., Aubrey R. Hammett, Jr., Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Pete Dikos and two others were jointly charged with keeping gaming devices and permitting persons to bet or play at or upon the same in Jefferson County, Missouri. Appellant was separately tried. The cause was transferred to the Circuit Court of St. Francois County upon appellant's application for a change of venue. The jury assessed his punishment at imprisonment in the county jail for one year. He has appealed from the ensuing judgment. The offense is a felony and we have jurisdiction. Laws 1951, p. 454, § 563.370 RSMo 1949, V.A.M.S.; Mo.Const. Art. 5, § 3, V.A.M.S.; State v. Gilmore, 28 Mo. App. 561; State v. Castino, Mo., 264 S.W.2d 372, is a companion case.

Appellant stood on his motion for judgment of acquittal at the close of the state's case. Sup. Ct. Rule 26.10, 42 V.A.M.S. He relies upon that portion of § 563.370 requiring proof that a defendant induced, enticed or permitted some person or persons to bet or play upon some gambling device. State v. Solon, 247 Mo. 672, 680 (III), 153 S.W. 1023, 1025(3); State v. Goddard, Mo., 44 S.W.2d 84 [3]; State v. Stewart, 228 Mo.App. 187, 63 S.W.2d 210 [3]. In the circumstances it is not necessary to hereinafter describe the paraphernalia found in the tavern, which was, with the use to which it was adapted, described in detail from the witness stand.

The issue calls for a consideration of that evidence tending to establish defendant's guilt. State v. Chevlin, Mo., 284 S.W.2d 563 [2]; State v. Roseberry, Mo. App., 283 S.W.2d 652 [4].

On the night of December 31, 1952, Amos Lee, Sheriff of Jefferson county, Missouri, had a search warrant for the Spring Dale Tavern located along the Meramec river about 20 miles from the county seat and 2 or 3 miles from the nearest town, with no dwellings nearby. The tavern was a large frame building. The sheriff, accompanied by three of his deputies, the prosecuting and assistant prosecuting attorneys, and two highway patrolmen executed the warrant about 1:30 a.m. that night. A deputy sheriff was stationed to guard one of the doors. The sheriff, prosecuting attorney, assistant prosecuting attorney, and perhaps one of the highway patrol went to the north door. There was testimony that the officers were refused admittance until they threatened to break down the door. When the officers entered they announced that they had a search warrant for the place; that they were raiding it; and that everyone was under arrest.

When the officers entered, there were, in addition to chairs and other furniture, two large dice or crap tables, a blackjack table, a roulette wheel on a table, playing cards, et cetera in the room. Twenty to twenty-five persons were present. Defendant was sitting on a high stool at one of the large dice tables with a thin stick, 3 or 4 feet long, with a hook on the end of it in his hand. Ten or fifteen persons were at this table. One, a lady across the table from defendant, had a leather or rubber cup, described as a dice cup by one witness, in her hand, was shaking it, and producing a clicking sound from the cup; but when the officers made their statement she "froze" and did not empty the cup. There were plastic chips on the table and $1 or $2 in front of defendant. Later, the cup and dice were taken off of the table. The sheriff took the gambling paraphernalia into custody.

Also, there was testimony that defendant made statements to the officers to the following effect: "'Go ahead and take me in, I'm running it.'" Defendant stepped down from the head of the table and "asked us to take him in; he said he was running the game."

■ With the tavern located in a secluded spot; with the operators refusing admittance until there was a threat to break down the doors; with 20 to 25 persons in the tavern at 1:30 a.m.; with 10 or 15 of them gathered around a dice table on which were chips and money; with defendant at the table on a high stool and a croupier's stick in his hand, and a person at the other end of the table with a dice cup in her hand, shaking it and producing a clicking sound but not emptying the cup when the officers appeared, and with the taking of the cup and dice off of the dice table thereafter, there was ample evidence upon which to base findings that when the officers entered a dice game was in progress; that bets were on the table, and that defendant was the croupier of the game. The instant case is readily distinguished from defendant's cases in that here the permissible inference is that the

dice table was in use. For instance, in State v. Goddard, supra, there was no showing that the table was in use or of any poker chips or other devices used for the purpose of gambling. In addition, the instant defendant told the officers to arrest him because he was running the game. The court did not err in overruling defendant's motion for a judgment of acquittal. State v. Souva, 234 Mo. 566, 137 S.W. 873; State v. Chauvin, 231 Mo. 31, 132 S.W. 243; State v. Cantrell, 320 Mo. 248, 6 S.W.2d 839, 840 [2]; State v. Hardy, Mo., 276 S.W.2d 90, 92 [2-5].

■ Appellant, in his brief here, complains of the state's main instruction on the theory, broadly stated, there was no substantial evidence to support certain of the submitted findings in said instruction. The issue is not for review as the record discloses no objection interposed by the appellant to the giving of any instruction. This has been fully considered recently in State v. Rush, Mo., 286 S.W.2d 767, 772 [7], and further discussion is unnecessary. See also State v. Lawson, Mo., 290 S.W.2d 84, 86 [1]. However, we have hereinbefore ruled there was sufficient evidence to sustain the verdict of guilty.

Our examination of matters of record proper discloses no reversible error. Appellant presents no complaint in this respect.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

EAGER, P. J., STORCKMAN, J., and JAMES W. BROADDUS, Special Judge, concur.

LEEDY, J., not sitting.