STATE of Missouri, Respondent,

v.

Earl POPE, Appellant.

No. WD 38710.

Missouri Court of Appeals, Western District.

July 14, 1987.

John C. Bragg, Kansas City, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and MANFORD and KENNEDY, JJ.

KENNEDY, Judge.

Defendant Earl Pope was convicted by a jury of two counts of sodomy respectively of two females to whom he was not married and who were under 14 years of age, § 566.060.3, RSMo Supp.1984. He was sentenced to nine years and eight years imprisonment respectively, to be served consecutively. He appeals.

His three points of trial error, alleged to have been committed with respect to each count, are these: That the testimony of the pathics was inherently so self-contradictory and internally inconsistent that it would not support the convictions without corroboration; that error was committed in the admission of evidence of other acts of sodomy upon the same persons; and that the court erred in giving instructions which would allow conviction of acts of sodomy other than the act charged in the indictment.

The first two of the above points are without merit. The third point, however, must be sustained.

Count I charged that the defendant between January and March of 1986 had "deviate sexual intercourse with Lori S. _____ to whom defendant ... was not married and who was then less than 14 years old, to-wit: Defendant placed his penis into Lori S. _____'s mouth."

Count II charged that between January 1985 and September 1985 defendant "had deviate sexual intercourse with Louella I. _____ to whom defendant ... was not married and who was then less than 14 years old, to-wit: Defendant ... forced Louella I. _____ to masturbate him."

The alleged incidents took place at the residence of defendant's 90-year-old mother and his twin brother, during defendant's regular visits. The house seems to have been a gathering place for some of the neighborhood children, including Lori and Louella.

Lori testified that defendant had placed his penis in her mouth. She testified also that she masturbated him. For masturbating him, he gave her "three to five dollars".

Louella testified that she masturbated the defendant on several occasions, for which she received $6.00 or less, and she also testified that on another occasion he placed his finger in her vagina.

Defendant denied any sexual contact with the children.

Defendant's complaint is directed to two instructions. The verdict director, following MAI–CR2d 20.08.2 if "the defendant had deviate sexual intercourse with Lori _____...". The verdict director on Count II was identical except for the name of the pathic. Another instruction, referable to both counts, defined "deviate sexual intercourse" as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person."

Defendant's argument is that the jury under these instructions could have convicted defendant on Count I upon their belief of Lori's testimony that she masturbated him, instead of convicting him upon their belief of her testimony of the fellatio, which was the act charged in the indictment; and that they could have convicted him on Count II upon Louella's testimony of his inserting his finger into her vagina, instead of convicting him upon their belief of her testimony of her masturbation of him, the act charged in the indictment.

Nowhere in the record was the jury ever informed of the specific act defendant was charged with. Lori testified both that she masturbated defendant and that on a different occasion he placed his penis in her mouth. Defendant, as noted, was charged only with the latter act. Actually, the masturbation was the more fully proved of the two. Lori's testimony of the fellatio was quite brief and given only in response to

leading questions. The jury could very easily have believed the testimony about the masturbation and have disbelieved the testimony about the fellatio. The instructions defendant complains of allowed them to convict upon that belief, and nowhere in the record are they given any different guidance.

Likewise in Louella's case, she testified to the masturbation (with which defendant was charged) and also to his putting his finger in her vagina on a different occasion. Under the complained-of instructions, they could have convicted upon believing the testimony of the defendant's placing his finger in her vagina, even though they may have doubted the masturbation testimony. Either act, of course, was a crime under this statute. Defendant might have been charged with either of them, or with both. The point is, the indictment charged a specific act in each count. The allegation of the specific act might have been surplusage, see MACH–CR 20.-08. But still, when the act was specified, the state was held to proof of that act, *see State v. Temple,* 262 S.W.2d 304, 305 (Mo. App.1953); *State v. Stewart,* 228 Mo.App. 187, 63 S.W.2d 210, 213 (1933); 42 C.J.S. Indictments & Informations § 250 (1944), and the jury can convict only on that act. An instruction which allows them to convict of that act or another which is not charged cannot stand.

A case illustrating the principle upon which we decide this case is *State v. Scovill,* 15 S.W.2d 931 (Mo.App.1929). There the defendant was charged with the "unlawful possession of one pint of intoxicating liquor, 'to wit; one pint of whisky.'" *Id.* at 932. From the testimony of one witness the jury might have inferred that the liquor in question was alcoholic, but that it was not whiskey. The verdict-directing instruction allowed conviction for the possession of intoxicating liquor, which was defined as "any distilled, malt, spirituous, vinous, fermented, or alcoholic liquor". *Id.* The court pointed out that it was not necessary for the state to allege in its information that the alcoholic liquor was whiskey, yet, "when the allegation was inserted in the information, it became a matter of essential description". *Id.* at 935. The judgment was reversed and the cause remanded because of the erroneous instruction.

The instruction promulgated by the Supreme Court for mandatory use for § 566.-060.3 crimes committed after January 1, 1987, MAI–CR3d 320.08.2, calls for a description of the acts constituting deviate sexual intercourse, and a definition of "deviate sexual intercourse" is not required. (These instructions are permitted for crimes committed before January 1, 1987, where there has been no change in substantive law.)

The attorney general reminds us that we are powerless to declare erroneous a patterned criminal instruction contained in MAI–CR, citing *State v. Finch,* 611 S.W.2d 405, 406 (Mo.App.1981), and *State v. Toney,* 680 S.W.2d 268, 278 (Mo.App.1984). The general proposition is not doubted. However, modifications of approved instructions are often called for by the facts of the case, Rule 28.02(d), and their use is always subject to their being "applicable under the law to the facts", Rule 28.02(c). The obvious truth is stated in "How to Use This Book" (1983 revision), MAI–CR2d at xviii: "Most of the instructions were prepared upon various assumptions. If any one or more of those assumptions is not valid for a particular case the MAI–CR instruction may need adaptation to the situation presented".

The judgment is reversed and the cause is remanded for a new trial.

All concur.